Wilbur *v.* Hubbard.

[BROOME GENERAL TERM, November 19, 1861, *Balcom, Campbell* and *Parker,* Justices.]

———————————◆———————————

## WILBUR *vs.* HUBBARD.

Two dogs, of unequal size, owned by different persons, in company, killed sheep of the value of $19, and the jury, in an action against the owner of the larger dog, found a verdict against him for $12 damages. *Held* that the jury had the right to say the larger dog did more damage than the smaller one, and that their apportionment of the damages could not be shown to be incorrect, and was therefore conclusive.

The defendant's dog was identified as one of the two that killed the sheep, by witnesses acquainted with it, who only heard it bark, in the lot where the sheep were killed, in the night, without seeing it. *Held* that it was a question for the jury to determine, whether the dog had such a peculiar bark or voice that witnesses acquainted with the animal could satisfactorily identify it, by only hearing it bark, in the night, without seeing it.

THIS action was brought before a justice of the peace to recover damages for the defendant's dog killing and wounding the plaintiff's sheep. The plaintiff recovered a

judgment for $12 damages and $5 costs, which was affirmed by the Otsego county court. The defendant appealed from the judgment of the county court to this court.

*Benjamin Estes*, for the plaintiff.

*Lathrop & Harris*, for the defendant.

*By the Court*, BALCOM, P. J. The most material question in this case is whether the defendant's dog was one of the two that wounded and killed the plaintiff's sheep. The sheep were wounded and killed in the night of the 8th of August, 1860; and there is some evidence that the defendant's dog was not at home that night, and that it was a "sheep killing dog." Some of the witnesses said the defendant's dog had a "very coarse voice;" that they could identify it by its bark, and heard the barking of a dog in the lot where the sheep were the night they were wounded and killed, which they thought was that of the defendant's dog. But none of them saw the dog that night in such lot. I think it possible for persons to identify a dog by merely hearing it bark, without seeing it. Some persons have such peculiar voices they can be identified by acquaintances, who hear them talk, without seeing them; and it seems reasonable that some dogs may bark in such a manner, and have such singular voices, that they can be identified in the night time by persons who know them well, by merely hearing them bark, without seeing them. If I am right in this conclusion, the question whether the witnesses satisfactorily identified the defendant's dog as one of the two that were in the lot where the sheep were, the night they were wounded and killed and actually did the mischief complained of, was for the jury to determine. (18 *Wend.* 141.)

If the defendant's dog was one of the two that did the damage in question, the other was smaller than he; and the jury had the right to say that the smaller one did not do as

much of the damage as the larger one. The entire damage was $19; and the fact may be that the smaller dog only did $7 of it. It cannot be shown that the jury erred on this question.

I cannot see as the justice committed any error affecting the merits of the case, prejudicial to the defendant.

My conclusion is, that the county court did right in affirming the judgment of the justice.

Judgment affirmed.

[BROOME GENERAL TERM, November 19, 1861. *Balcom, Campbell* and *Parker,* Justices.]