CARROLL v. WEILER, appellant.

*Animals — dogs killing sheep. Joinder — owners of dogs jointly killing sheep Evidence — cross-examination — presumption of fact.*

Where several dogs kill sheep, or do other damage jointly, the owner of each is liable only for the damage done by his dog, and a joint action will not lie against the owners.

At the second trial of an action against the owner of a dog for the value of sheep killed by such dog, defendant was asked as to whether he had killed his dog since the previous trial. *Held* competent on cross-examination.

Evidence that the dog had been seen at another time, in company with a dog known to have taken part in killing the sheep, *held* admissible to show that the dogs were known to each other, as a basis for the presumption that they were together engaged in the killing.

APPEAL from a judgment of the Ontario county court affirming a judgment rendered upon the verdict of a jury in an action tried in the court of a justice of the peace.

The action was brought by Erastus A. Carroll and Newell J. Parmelee against Martin Weiler, to recover of the defendant for damages sustained by plaintiff by reason of the killing and wounding of sheep belonging to them by defendant's dog.

It appeared upon the trial that a dog owned by one McCarty with the dog alleged to be the dog of the defendant, were engaged in killing and wounding the sheep. The dog of McCarty was a large, strong dog; the defendant's was smaller and less capable of mischief. McCarty settled with plaintiff for the damage done by his dog.

Evidence was given on the part of the plaintiff tending to prove that defendant's dog was one of the two that did the mischief, and on the part of the defendant that he was a quiet, gentle animal, and was at defendant's house at the time the sheep were killed.

The justice permitted the plaintiff's counsel, on the cross-examination of the defendant, to ask him whether he had killed his dog since the former trial of the cause, and to the admission of the evidence defendant's counsel excepted.

The justice also permitted plaintiff to prove by the witness, McCarty, that he at one time saw a dog resembling defendant's in his (McCarty's) orchard in company with his dog. To the admission of this evidence defendant's counsel excepted.

The jury rendered a verdict in favor of the plaintiff for $41 damages and $5 costs, for which sum judgment was rendered by the justice. The whole amount of damage done by both dogs was about $116.

*J. Horr*, for appellant.

*Edwin Hicks*, for respondent.

MULLIN, P. J. We must assume the law to be that when dogs kill sheep or do other damage jointly, the owner of each is liable only for the damage done by his own dog. *Van Steenburgh* v. *Tobias*, 17 Wend. 562; *Auchmuty* v. *Ham*, 1 Denio, 495. Hence a joint action will not lie against them.

The amount of damage for which each owner is liable must be ascertained by the jury, and the court will not, except in cases of manifest injustice, interfere with their verdict. *Wilbur* v. *Hubbard*, 35 Barb. 303.

The identity of defendant's dog as one of the two that did the injury was found upon conflicting evidence and cannot be disturbed.

The question put to defendant whether he had killed his dog since the former trial was competent on cross-examination. In the

absence of evidence as to the cause of the killing, it might be inferred that the dog was killed to destroy proof of his identity, or that the defendant believed him to have been engaged in killing the sheep, and he killed him to prevent further loss. In either view, the killing was inconsistent with defendant's evidence on the trial, and was competent on cross-examination.

The evidence of McCarty that he saw the defendant's dog with his, in his McCarty's orchard, was competent to show that the dogs were known to each other, and on one occasion at least were in company, thereby laying the basis for a presumption that when a feast was to be had on plaintiff's sheep, they would enjoy it together.

The defendant gave no intimation in the ·justice's court in his pleadings, or otherwise, that he intended to insist upon the payment of damages by McCarty as an accord and satisfaction, or as payment of the damages done by defendant's dog. It was too late to raise it in the county court.

The judgment is right and must be affirmed.

*Judgment affirmed.*