## DAMAGES TO RIPARIAN OWNER CAUSED BY THE WASH FROM MINES.

[Circuit Court of Perry County.]

THE UPSON COAL & MINING COMPANY v. JOHN E. WILLIAMS.

Decided, November 29, 1905.

*Damages—Measure of where Land is Injured or Its Value Destroyed —Liability for Trespass—Where Various Parties have Contributed Thereto—Verdict Dividing the Damages among Trespassers—Can Not be Required, When—Mines and Mining—Injury from Wash from Mines—Species of Appropriation—Loss of Rental Value— Permanent Depreciation—Evidence—Charge of Court.*

1. The measure of damages to a riparian owner, caused by the wash from mines poured into the stream above him, is the difference in the value of the land before and after the injury occurred, and not the depreciated rental value from the date of the occurence of the injury; and it is consequently competent for a plaintiff in such a case to prove the nature and extent of the injuries complained of and the amount of loss sustained.

2. Where such injury is caused by the action of several mine owners acting independently, and in an action against one of them there is no effort to prove the amount contributed by the other mines to the injury, or to show the jury the actual injury for which the defendant alone is responsible, the jury can not be required to divide the amount of the injury equally among them, and return a verdict against the defendant for only its aliquot part thereof.

3. The presumption obtains that the jury understood the charge of the court and applied it correctly; and where a jury find in a case involving a species of appropriation that the plaintiff's land was substantially taken from him, it is consonant with right and justice for the court to charge and the jury to award interest on the amount of damages assessed in his favor, at least from the time he demanded redress.

TAGGART, J.; NORRIS, J. (of the Third Circuit sitting in place of Donahue, J.), and McCARTY, J., concur.

John E. Williams brought his action against the Upson Coal & Mining Company to recover for damages to his farm, in the court of common pleas of the county. He sets forth in his petition that the stream which flows through the same furnished

an abundance of good water for his stock and farm; that the channel thereof was of sufficient capacity to carry the water without inundating the adjoining fields; that the defendant was the owner and operating mines located some distance above and on a stream or ravine that found its outlet through plaintiff's lands; that the slack and refuse of the mines were so placed that in times of rains or freshets this slack and refuse was carried down and filled the channel of the stream through his lands, and caused it to overflow and deposit this refuse on his lands, and to such an extent as to destroy many acres of his farm. That in consequence the water became foul and unfit for use. For the injuries complained of he asks damages in the sum of two thousand dollars.

The only defenses in the answer of the defendant, that it is necessary to refer to, are the "first" and "third." The "first" is a general denial. In the "third" the defendant, after averring that if coal slack and refuse was deposited on plaintiff's lands, within the time mentioned, the same did not come from defendant's mines, but the same was washed into the stream flowing through plaintiff's land, by its tributaries. That there are on said tributaries eight mines, each of which acting for itself contributed to causing said slack to find its way into said stream on plaintiff's lands. It is not necessary to refer more particularly to the pleadings herein. A verdict was returned for the sum of $1,017.95, in favor of the plaintiff. Judgment was entered on the verdict, and proceedings in error are now prosecuted to reverse this judgment.

The first error complained of by plaintiff in error is the admission of evidence. The following fairly exhibits the evidence which was admitted and which it is claimed was erroneous and prejudicial.

"Q. Now, tell us what was the fair reasonable market value of your land as it was, up until the 4th day of February, 1898 ?

"A. Well, it was worth in my opinion about $2,100, the whole thing.

"Q. Now, Mr. Williams, tell us what in your opinion was the fair reasonable market value of that same land at the time you commenced this action (February 4th, 1902) ?

"A. Well, I can not say that it was worth more than $700.

"By Mr. Jones:   I move that the answers fixing values be excluded from the record, for the reason that they are not consistent with the rule of the measure of damages.

"(Motion overruled by the court, to which ruling of the court the defendant at the time excepted.)"

The same exception is taken in other places in the record, to this class of testimony.

The claim of counsel for plaintiff in error is that the true rule of the measure of damages is not the difference in the market value before the injuries, and the market value after the injuries have been sustained.   But the recovery is limited to the *rental value* of the property for the period between said two dates.

The same question is made in the request to charge the jury. Request No. 5, which was refused, is as follows:

"The court says to you that it is not the rule for the measure of damages in this case to take the value of the land just before February 4th, 1898, and its value just after February 4th, 1902, and find the difference in these values, as the amount that plaintiff should recover; but the true rule for the measure of such damages is the rental value of the injured land for the period between said two dates."

That the plaintiff is entitled to recover in this kind of a case, for the class of injuries complained of, we have the authority of the case of *The Columbus & Hocking Coal and Iron Company* v. *Tucker*, 48 Ohio State, 41.

But this case does not instruct us to the true rule of the amount of recovery.   It is not stated whether the plaintiff is is entitled to recover, as if the land was taken by an appropriation proceeding, should the proof show that the injury was permanent, and the plaintiff shows that he is deprived of any use of the land, and consequent injury to the remainder of his lands; or, whether the plaintiff, not being deprived of the title of any portion of his lands, but only the beneficial use of some of his land, can only recover for the loss of the use of the lands, or the fair rental.   If the former is the correct rule, then the admission of the evidence was right, and the refusal to charge was proper. If the latter is the rule then the trial court was in error in both

respects.  There is proof in the record tending to show that the injury to plaintiff's property is permanent; that he is permanently deprived of the use and enjoyment of a portion of his lands.  The following are some of the authorities which point out the distinction between a recovery of the *rental* value, and the permanent injury or difference in values:

"In an action to recover damages by the overflow of land, whereby the owner of the land has been deprived of *its use*, the measure of damages is the fair rental value of the land." *City of Chicago* v. *Huerbein,* 85 Ills., 594; see *Spilman* v. *Navigation Co.,* 74 N. C., 675.

"If the overflow caused *permanent injury* to the premises, *such injury* may also be considered in connection with the *rental value*." .*South Bend* v. *Baster,* 67 Ind., 228; *Willey* v. *Hunter,* 57 Vt., 479.

"In an action to recover damages for the unlawful excavation and removal of soil from the premises of· plaintiff, the measure of damages is the diminution of the value of the property and not the cost of refilling." *Kant* v. *St. Paul Railroad,* 22 Minn., 118.

"Where injury is done to property, the measure of damages is not the cost of restoring it to its original condition, where such cost may exceed its value or the actual damage sustained by its owner." *Harvey* v. *Mining Co.,* 1 Nev., 538; 90 Am. Dec., 510.

"The true measure of damages in cases of *permanent injury* to the soil is the difference between the value of the land immediately before the injury, and its value immediately after." *Railway Co.* v. *Hoyrelt,* 67 Tex., 685.

"In an action for damages to real property testimony is admissible to show the exact character of the injury suffered—whether of a permanent or irreparable nature or of the sort susceptible of repair,· so that the property may be restored to its original condition.  If the testimony shows the former to be the nature of the injury, the measure of damages is the difference in value of the property before and after the injury.  If an injury susceptible° of repair has been done, the measure of the damages is the reasonable cost of restoration, plus the reasonable compensation for any loss of the use of the property between the times of injury and restoration, unless such cost of restoration exceeds the difference in values of the property be-

fore and after the injury, in which case the difference in values becomes the measure.''   *City of Cincinnati* v. *Wright,* 2 N. P.—N. S., 53; *B. Stroth Brewing Co.* v. *Schmitt,* 1 C. C.—N. S., 177.

It was contended on behalf of the plaintiff, that the injury to his land was permanent and that much of his land was rendered useless and destroyed for any useful purpose. This was denied by the defendant, and testimony was addressed to their respective claims. The court gave the jury the following instructions respecting this branch of the case:

''If you find from the evidence that the plaintiff is entitled to recover, then you should go further and ascertain from the evidence if you can, whether the injury to plaintiff's premises is permanent and irreparable, or of a sort susceptible of repair, so that the property may be restored to its original condition; and if you believe from the evidence that the injury is permanent and irreparable, then the true measure of damages for the permanent injury is the difference in values of the property before and after the injury.

''But if you believe from the evidence that the injury to plaintiff's property is of a sort susceptible of repair, so that the property may be restored to its original condition, then the true measure of damages is the reasonable cost of restoration of the property to its original condition, plus a reasonable compensation for any loss of use of the property during the time actually and necessarily required to repair the injury and restore the land to its original condition.

''But if you believe from the evidence, that the reasonable cost of restoring the premises to their original condition would exceed the difference in value of the property before and after the injury, then in that case the difference in values of the injury becomes the true measure of plaintiff's damage.''

We think, from the authorities cited and others to which attention might be called, that the court stated the rules substantially correct. If so, it was material on behalf of the plaintiff to show the nature and extent of the injuries complained of, and the amount of loss sustained. We hold, therefore, that this class of testimony, was properly admitted, and the instruction asked by the defendant was properly refused.

The defendant in the ''third'' defense of its answer alleges that if injury was caused by coal slack and refuse from coal

mines to plaintiff's land, that then at least eight mines besides the mine of the defendant, each one of said mines acting for itself and independent of the others, contributed toward said damage to plaintiff's land; that in any event said defendant is not liable for more than one-ninth of any such damage since February 4th, 1898.

At the close of the testimony the defendant requested the court to give to the jury a series of instructions, all of which were refused. We have regarded these instructions as separate requests or such of them as can be so regarded. The following are requests Nos. 1, 2, 3.

First Request. ''In case the jury should find from the evidence that the lands of plaintiff described in the petition herein, have been damaged by coal slack and coal refuse, from the mines of defendant any time after February 4, 1898, and before February 4, 1902, the court instructs you that the true rule of the measure of such damages is the plaintiff's loss of the use of said premises for said period, being the rental value of the same, provided the entire use is destroyed, but in case it is only partially destroyed then it is your duty to ascertain what has been the amount of loss sustained by said plaintiff caused by the descent from defendant's mine of such refuse upon said premises.''

Second Request. ''Should the jury find from the evidence that the lands of plaintiff from February 4, 1898, to February 4, 1902, have been damaged by the descent of coal slack and coal refuse upon them from the several mines located and operated on Monday Creek and Shawnee Run, and their tributaries, then the court instructs you to ascertain from the evidence, the number of mines acting independently and each for itself, contributed to cause said injury to plaintiff's land, and the court further says to you that in the absence of proof as to what part of the damages was caused by defendant's mine, the law infers that all the mines contributing to said injury contributed equally.''

Third Request. ''In view of the foregoing rules of the law which the court gives you, it will be your duty to ascertain from the evidence whether plaintiff's lands set out in this petition were damaged by the descent of coal slack and coal refuse from February 4, 1898, to February 1, 1902, from the mines located and operated on Shawnee Run and Monday Creek, and their tributaries, and if so damaged you will find from the evidence the amount of such damage by the rule of damage the court has

already given, and then divide said sum, the amount of such damages, into as many parts as the number of mines that contributed to produce said injury and damages, and the quotient will be the damage that said defendant caused.''

We do not think this series of requests or either of them embody the law in this case. Our attention is directed to the cases reported in the 33 Am. Rep., pages 523 and 566, and also to the extensive note in 30 Am. St., page 555, and other cases, to the effect, that in a suit at law one mine owner is not liable for the injury inflicted by another mine acting separately and wholly independent, to a riparian owner whose lands may have been injured by the descent of slack and mine refuse from the mines.

It is urged that this trespass falls within the rule of trespassing animals owned by different persons wherein it is announced that each owner is liable for the acts of his own animals and not liable for the injuries of all the animals.

An examination of the authorities cited in the American State Report distinctly hold, that the mine owners may be jointly restrained from continuing the acts which occasion the injury. The cases do not disclose whether there is any thing in the procedure in the states of Pennsylvania and Colorado which would limit the remedy to a bill in equity enjoining and restraining the act which caused the injury. But it would seem that justice at least requires that the wrong of an innocent sufferer shall be redressed without reference to the character of the action prosecuted under our reformed procedure.

Besides the principle involved is not of universal acceptation.

The Supreme Court of Indiana in the case of *Brady* v. *Ball*, 14 Ind., 317, followed the rule adopted by the trial court in this case in his charge to the jury.

In the case of *Wilbur* v. *Hubbard*, 35 Barb., 303, the court says that in cases of trespassing animals belonging to different persons, and it is impossible to show the exact injury done by each, the jury have the right to find that the *larger* and *more powerful animals* did the most damage.

Even the case cited by counsel for plaintiff in error does not support the requests as made.

In an action by a land owner against an upper owner to recover for the pollution of a natural stream and for injury arising from a deposit of debris on his land, *the upper owner may prove that another upper owner contributed to the injury independent of his own acts, and thus limit the amount of recovery against himself for the actual injury inflicted by him. Coal Company* v. *Hamilton,* 100 Alabama, 252; same case, 46 Am. St., 48.

It will be noted that the "third" defense simply pleads the facts of their being eight other mines contributing to the injury, if any, and further claims that the defendant is liable for only a certain aliquot part of the damages, to-wit, the one-ninth part.

The requests are along the same line. There was no effort made by the defendant to prove the amount that the other mines contributed to the injury, or to show to the jury the actual injury for which the defendant alone was responsible. The extent of the operations of the defendant's mine were partially disclosed on cross-examination of some of the defendant's witnesses. But the defendant remained content, after proving that there were eight other mines which probably did add to the volume of debris cast on plaintiff's lands. This would have been sufficient if the position of counsel in this court is correct, and he had taken the same position in the court of common pleas.

There was no request by counsel to the court to instruct the jury that there could be no recovery for the injuries inflicted by the other mines, or that the recovery was limited to the actual injury inflicted by the defendant, but the requests proceeded on the idea that the jury shall ascertain the amount of recovery and then divide this amount so ascertained by the number contributing to the injury and the quotient should be the amount to be returned by the jury as their verdict.

We find no authority thus stating the rule. If the defendant claimed that there could be no recovery under the rule involved, such instructions should have been requested and a general exception to the charge is not sufficient. *Railway* v. *Ritter,* 67 O. S., 53-64.

But the principle contended for by counsel for plaintiff. in error has not received the approval of the courts of this state. In the case of *Boyd* v. *Watt*, 27 O. S., 259, at page 269, the Supreme Court sanctions the following as a correct statement of the law:

"It is the fact that they all united in the wrongful act, or set on foot, or put in motion the agency by which it was committed that renders them jointly liable to the person injured.

"Persons who co-operate in an act directly causing injury are jointly liable for its consequences, if they act in concert, or *unite in causing a single injury, even though acting independently of each other.*"

The instructions of the trial judge clearly followed the rules laid down in this case and we think they are applicable and correctly given in his charge to the jury. The requests as asked were properly refused.

The trial judge in his charge gave the following:

"If you find from the evidence that the plaintiff is entitled to recover in this action, he is entitled to receive such a sum as will fairly and reasonably compensate him fully for the damages that the evidence shows that he has sustained (by reason of the acts of the defendant, not exceeding, however, the amount asked for in the petition) under the rules given you in these instructions, with interest thereon from the date of the filing of plaintiff's petition."

At the hearing of a motion for a new trial, the defendant produced the foreman of the jury and offered to prove by him that the amount of the recovery for actual damages sustained by the plaintiff as found by the jury was $850, and that the remainder of the verdict as returned, to-wit, $167.95, was interest. An objection being made the court excluded this evidence and the plaintiff in error complains of this action. by the court.

We are of the opinion that. the exclusion of this testimony, even if erroneous, was not prejudicial. The presumption obtains that the jury understood the charge and applied it. Blashfield's Instructions to Juries, Sec. 376; *Davis* v. *The State*, 25 Ohio State, 369.

There was no necessity for making this proof. If the charge as given to the jury, as to interest, was wrong, the question is saved to the defendant by the exception to the charge.

In the authorities cited herein will be found the grounds of recovery in this class of cases. Where the injury is permanent the courts say that it is a species of appropriation, in that it deprives the owner of all beneficial use of his land. If the plaintiff was deprived of his property, if his property was substantially taken from him, it would seem consonant with right and justice that he should have interest at least from the time he demanded redress. And we think the courts even accorded him more than this.

The charge is justified in the following cases: *Cincinnati* v. *Whetstone*, 47 O. S., 196; *Railroad* v. *Cobb*, 35 O. S., 94; *Railroad* v. *Schultz*, 43 O. S., 270-275.

Finding no error in the record to the prejudice of the plaintiff in error, the judgment of the court of common pleas will be affirmed at the cost of the plaintiff in error. Judgment for costs, cause remanded for execution; exceptions on behalf of plaintiff in error will be entered.

*J. B. Jones,* for plaintiff in error.

*T. D. Price* and *Donohue & Spencer,* for defendant in error.