Matthias, J.
 

 The question clearly and concisely presented by the record in this case is whether a judgment for personal injuries shall bear interest from the first day of the term of court at which the judgment was rendered.
 

 It is provided in Section 8305, General Code:
 

 
 *586
 
 “In cases other than those provided for in the next two preceding sections, when money becomes due and payable upon any bond, bill, note, or other instrument of writing, upon any book account, or settlement between parties, upon all verbal contracts entered into, and upon all judgments, decrees, and orders of any judicial tribunal for the payment of money arising out of a contract, or other transaction, the creditor shall be entitled to interest at the rate of six per cent, per annum, and no more.”
 

 Having reference only to the essential parts of this section, it clearly provides that when money becomes due and payable upon a judgment in a case such as here presented the creditor is entitled to interest at the rate of 6 per cent, per annum. When does money become due and payable upon a judgment? Certainly not prior to the date of the rendition of the judgment. It is claimed, however, that interest should be computed from the first day of the term of court during which the judgment is rendered, and this claim is based upon the provisions of Section 11656, General Code, which prescribes that the lands and tenements of the defendant “within the county where the judgment is entered shall be bound for its satisfaction from the first day of the term at which it is rendered.”
 

 It is to be observed, however, that this section has to do only with the date of a lien, and was enacted for the very evident purpose of facilitating the determination of conflicting claims of creditors.
 

 At common law, judgments did not bear interest, and interest is therefore calculated on judg
 
 *587
 
 ments only by reason of the authority conferred by statutory provision. The statute providing for interest upon all judgments, in the absence of which interest was not authorized, cannot be regarded as creating a right to interest upon a judgment prior to the time such judgment came into existence. Cases have been cited upon the proposition that damages to be allowed in a personal injury action are calculated as of the date of the trial, and that therefore interest cannot be computed thereon for any period prior to the date of the verdict. The reasoning of some of the courts is that the obligation to pay does not become definite until judgment has been entered on the verdict. We deem it unnecessary, however, to look further than the provisions of our own statute to reach the conclusion that interest cannot be computed upon the amount found due for any period prior to the date of the ascertainment of the amount due and the rendition of the judgment thereon.
 

 It follows that the judgment of the Court of Appeals herein must be reversed and the petition of the plaintiff below dismissed.
 

 Judgment reversed and judgment for plaintiff in error.
 

 Marshall, C. J., Jones, Day, Allen, Kinkade and Robinson, JJ., concur.