# CURRENT OHIO COURT of APPEALS CASES
## Weekly Advance Abstract Opinions

### EPITOMIZED OPINIONS
#### Published only in the Abstract

CASARO v. HUMPHREY et.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 8014.   Decided Dec. 5, 1927.

Syllabus of Editorial Staff.

727.  LIS PENDENS—719.  Liens—677.  Judgments and Decrees.

Under 1156-GC., prior to amendment effective August 1, 1927, judgment, in action coming over from prior term of Court, attaches to lands of debtor from first day of term in which rendered.

Appeal from Common Pleas.
Decree for Plaintiff.

Alfred L. Steuer, Cleveland, for Casaro.
Wilkin, Cross & Daoust and Garfield, Cross, MacGregor, Daoust and Baldwin, Cleveland, for Humphrey et.

### STATEMENT OF FACTS

This cause is here on appel from the Court of Common Pleas of Cuyahoga County, and it involves the question as to whether a judgment obtained at a term of the court, based upon an action commenced at a previous term, is a lien on the lands of the judgment debtor from the first day of the term, although actually rendered upon a day of the term subsequent thereto.

The cause was tried upon an agreed statement of facts which are, substantially, as follows:

On April 1, 1925, Guy Casaro filed an action in the Cuyahoga Common Pleas against Sarah Humphrey. In his petition, he prayed for a personal judgment in the amount of $1,800.00 with interest, and for foreclosure of a chattel mortgage. The action was tried during the September term of court in the year 1925, and a personal judgment was rendered against said Humphrey for $1,245.50 and costs. The chattel mortgage was ordered foreclosed and the chattels were sold; the judgment and order of sale were entered upon the Journal of the Court on December 28, 1925, and the first day of the September term of Court was September 8, 1925.

On September 8, 1925, said Humphrey was the owner of a parcel of land described in the petition, and the title to said real estate remained continuously in Sarah Humphrey from September 8, 1925, until conveyed by warranty deed, subject to a mortgage to the The Mutual Building & Investment Company, to Erma Hirsch and Julia C. Ballint, this conveyance being dated November 30, 1925, and recorded on December 18, 1925, and that at the time of the conveyance to them, said Hirsch and Ballint had no actual or constructive knowledge of the pending suit against said Humphrey or that the same had been from a prior term of court.

Hirsch and Ballint conveyed the property to Eugene and Rosa Borsits, by deed dated December 18, 1925, and recorded February 16, 1926, and at the time of this conveyance the defendants Eugene and Rosa Borsits had no actual knowledge of the pending suit, or the judgment obtained therein. This action was brought by the judgment creditor Casaro on January 22, 1926, to marshal liens on the real property.

### OPINION OF COURT

The following is taken, verbatim, from the opinion.

SULLIVAN, PJ.

To determine the issues it is necessary to interpret Section 11656 GC. as it stood prior to the amendment as it appears in 112 O. L. page 199.

The meaning and significance of the words, phrases and clauses admits of no doubt. The conclusions deducible are irresistible and inevitable. The lands situated within the County where the judgment is entered shall be bound for the satisfaction of the judgment from the first day of the term at which the judgment is rendered. Thus, giving to each word its plain, unmistakable sense and significance, it appears to us conclusively that the lien upon the land dates from the first day of the term, in cases like the one at bar where the action was commenced at a prior term and judgment rendered at a succeeding term.

In three different places in this statute, as unamended, we notice the legislative care and intent as to this subject. Notice the three following quotations, as bearing upon this element of time, impregnated in the statute:

First: "From the first day of the term at which it is rendered."

Second: "Shall bind such lands only from the day on which the judgments are rendered."

Third: "Shall be bound from the time they are seized in execution."

When we come to the section as amended, we again see the legislative caution as to time, in the following language: "Shall be bound for its satisfaction from the day on which such judgment is rendered." The legislature, in this amendment, seems to have recognized the practical uniformity of the decisions of the Ohio courts, and elsewhere, on this subject, when it amended the section by changing the language

It is conceded that the amendment does not govern the case at bar, but the amendment was necessary in order to give that construction to the original section upon which the defendants insist as being the proper interpretation.

The uniformity of holding in the higher

courst made necessary the amendment embodied in 112 O. L. 199 before there could be eliminated from the original statute the plain and inevitable meaning of the language "shall be bound for its satisfaction from the first day of the term at which it is rendered."

That the defendants were innocent purchasers does not, in our judgment, change the effect and power of the statute.

Able counsel for defendant, to sustain his claim that the judgment and lien do not date back to the first day of the term, cite the decision of our Supreme Court rendered in Cleveland Railway Co. v. Williams, 115 OS. 584, but we think that this authority is in favor of our analysis and reasoning in the case at bar.

Holding these views a decree may be entered for the plaintiff.

(Vickery and Levine JJ., concur.)