**STATE AUTOMOBILE MUTUAL INSURANCE CO., Plaintiff-Appellee, v. KAFFENBERGER, Defendant-Appellant.**

Ohio Appeals, Second District, Darke County.

No. 662. Decided November 20, 1948.

Marchal & Marchal, Greenville, for plaintiff-appellee.
Hugh A. Staley, Greenville, for defendant-appellant

**OPINION**

By WISEMAN, PJ.

This is an appeal on law from the judgment of the Common Pleas Court of Darke County, Ohio. This is a damage action which was tried to a jury which returned a verdict for the plaintiff. Motion for judgment non obstante veredicto was overruled, and judgment entered on the verdict. Motion for new trial was filed and overruled, at which time the court entered a nunc pro tunc order allowing interest on the amount recovered from the date of the verdict.

Plaintiff-appellee agrees that defendant-appellant has correctly stated the pertinent facts in her brief as follows: On February 5, 1946, at about 1:30 P. M. the defendant, Mary Kaffenberger, was driving in a southerly direction on State Route No. 118 which is a highway extending in a northerly and southerly direction between the city of Greenville and the Village of Ansonia, Darke County, Ohio. In front of the defendant was another automobile being driven in the same direction by C. O. Brock. The defendant was driving at a speed greater than that of Brock. Approximately one-half mile north of Greenville an automobile with a trailer attached was stopped headed south in the south-bound or west traffic lane of said highway. When Brock approached the parked automobile, according to the testimony of the defendant, he drove to the left in an attempt to pass the parked automobile, and thereby obstructed the view of the defendant, who also drove to the left to follow the Brock automobile. Immediately and without warning Brock swerved to the right and came to a sudden stop behind the parked automobile and trailer.

Whether or not Brock swerved to the left is in dispute. Brock was deceased at the time of trial.

The plaintiff-assignor, Herman Horner, was driving his automobile in a northerly direction in the north-bound or east traffic lane of said highway and when Brock swerved to the right to stop behind the parked automobile, the defendant drove to the left of the Brock automobile and onto the east side or northbound traffic lane and side-swiped the Horner automobile. The day was rainy and roadway was wet.

The Horner automobile was insured by the plaintiff company which paid damages to Horner and under a subrogation assignment brought this action against the defendant to recover damages resulting from the collision.

Plaintiff was permitted to introduce as an exhibit his proof of loss and subrogation assignment and release which contained a written statement by Horner as to the manner in which the collision occurred. The defendant contends that the statement was a self-serving declaration and therefore was inadmissible. The defendant was not present when the statement was made. Horner was called as a witness and was cross-examined. His testimony was substantially the same as the statement. The court in its charge instructed the jury that the exhibit "was admitted for the purpose of showing that the present plaintiff was subrogated to the rights of the assignor, Herman Horner, and that is the only reason it was admitted as an exhibit and is the only reason for which you will be permitted to use it as an exhibit." In our opinion the exhibit was admissible for a limited purpose and under the instructions given to the jury its admission was not prejudicial.

The defendant was interrogated as to a statement made to her by Brock immediately after the accident occurred. The court excluded the statement. The defendant claims it was admissible as part of the res gestae. In our opinion the record does not show that the statement meets the test stated in **Volume 17 O. Jur. p. 345, Section 276, and in State v. Laesecki, 90 Oh St 10,** as to spontaneity. The refusal to admit the statement was not error.

Defendant claims the court erred in refusing to direct a verdict for the defendant at the conclusion of plaintiff's case and, again, at the conclusion of all the evidence, and, also, for refusing to sustain defendant's motion for judgment non obstante veredicto. Defendant claims that the evidence raised a reasonable inference or presumption of contributory negligence on the part of the plaintiff's assignor, which the plaintiff failed to remove, in that plaintiff's assignor failed to reduce the speed of his automobile after seeing the parked automobile and the Brock and Kaffenberg automobiles approaching. The evidence shows that Horner at all times was driving his automobile at a reasonable and lawful rate of speed in the north-bound or east traffic lane. He had a right to assume that other motor vehicles being driven in the opposite direction would be operated on the proper side of the highway. We fail to find wherein Horner can be charged with contributory negligence. In our opinion the evidence

discloses that the direct and proximate cause of the collision was the negligence of defendant in driving her automobile across the center line of the highway onto the north-bound or east traffic lane and into the side of the Horner automobile.

Defendant claims the court erred in refusing to give special instructions No. 3 as requested by defendant which is as follows:

"The court charges you as a matter of law that if you find, by a preponderance of all the evidence in the case, that the defendant, Mary Kaffenberger, was placed in a position of unexpected peril or danger, which unexpected peril or danger was not caused by her own negligent act or acts, she, the said defendant, in that case would not be held to the same degree of care which a person would be held to not placed in such a position. If, therefore, you should find that the defendant, Mary Kaffenberger, was placed in a position of unexpected peril or danger, calling for quick and undeliberate action, and if you should further find that in such position she used the care that an ordinarily prudent person would have exercised in the same position, your verdict must be for the defendant."

The evidence would not require or warrant a charge on "sudden emergency." Both the defendant and Brock were driving in the same direction in the same lane of travel. The defendant was required to keep a proper lookout and so operate her automobile to avoid colliding with other motor vehicles in the proper use of the highway. The Brock automobile stopped to the rear of the parked automobile. There is no circumstance shown by the evidence which would excuse the defendant of stopping in time to avoid a collision. The defendant was charged with the duty to operate her automobile at such a rate of speed which would permit her to stop within the assured clear distance ahead. There is ample evidence from which the jury could conclude that she failed in the performance of this duty.

Like wise the court did not commit prejudicial error in refusing to charge on "sudden emergency" in its general charge as requested by defendant.

Defendant contends that the judgment is contrary to law in that the court in a nunc pro tunc entry ordered the original judgment to carry interest from the date of the verdict. The defendant contends that interest may be allowed only from the date of the judgment. Defendant cites the case of **Daly v. Savage, 27 Oh Ap 133,** in support of the proposition that interest

may be allowed from the date of the verdict. In that case the action was upon contract. The principle of law announced in that case has no application to an action in tort. This ■ question is controlled by §8305 GC which provides for the allowance of interest on judgments. In **Coulter v. General Fireproofing Co., 67 Oh Ap 71,** the court held that interest may not be allowed on the verdict and before judgment. The plaintiff herein is entitled to interest on the judgment from the date of the judgment. See, also, **Cleveland Ry. Co. v. Williams, 115 Oh St 584, 155 N. E. 133.** Judgment in tort carries the legal rate of interest from the date thereof by force of the statute. An order with respect to interest is unnecessary and superfluous. See, **Smith, Admrx., v. Miller, 61 Oh Ap 515, 516.**

Upon a remittiur of the interest on the verdict to the date of the judgment being entered, the judgment as herein modified with respect to the interest is hereby affirmed.

MILLER and HORNBECK, JJ, concur.