**MOORE, Appellant,**

v.

**UNIVERSITY OF CINCINNATI HOSPITAL, Appellee.**

[Cite as *Moore v. Univ. of Cincinnati Hosp.* (1990), 67 Ohio App.3d 152.]

Court of Appeals of Ohio,
Franklin County.

No. 89AP–1197.

Decided March 29, 1990.

*William C. Knapp,* for appellant.

*Anthony J. Celebrezze, Jr.,* Attorney General, *William J. McDonald* and *Elizabeth T. Kerns,* for appellee.

Peggy Bryant, Judge.

Plaintiff-appellant, Dorothy Moore, appeals from a judgment of the Court of Claims denying her prejudgment interest on her claim of negligence against defendant-appellee, University of Cincinnati Hospital. Plaintiff's single assignment of error states:

"The trial court erred to the detriment of plaintiff-appellant in refusing to award her prejudgment interest pursuant to Ohio Revised Code § 2743.18(A)."

On November 13, 1987, plaintiff initiated an action against defendant contending that defendant's agents negligently applied an iodine scrub solution to the right side of her body, thereby causing severe chemical burns to her right side and right arm. A trial was held on February 21, 1989, and on March 20, 1989, the trial court rendered a decision awarding plaintiff $15,000 in damages.

Thereafter, plaintiff filed a motion to require defendant to pay both prejudgment and postjudgment interest. Although the trial court granted plaintiff's motion for postjudgment interest, it denied her request for prejudgment interest.

Plaintiff appeals therefrom, contending that the trial court erred in failing to award prejudgment interest pursuant to R.C. 2743.18(A), which states:

"Prejudgment interest shall be allowed with respect to any civil action on which a judgment or determination is rendered against the state for the same period of time and at the same rate as allowed between private parties to a suit.

"The court of claims, in its discretion, may deny prejudgment interest for any period of undue delay between the commencement of the civil action and the rendition of a judgment or determination against the state, for which it finds the claimant to have been responsible."

Combining the language of R.C. 2743.18(A) with that of R.C. 1343.03(C), plaintiff contends that she is entitled to prejudgment interest herein. The pertinent language of R.C. 1343.03 states as follows:

"(B) Except as provided in divisions (C) and (D) of this section, interest on a judgment, decree, or order for the payment of money rendered in a civil action based on tortious conduct, including but not limited to a civil action based on tortious conduct that has been settled by agreement of the parties, shall be computed from the date the judgment, decree, or order is rendered to the date on which the money is paid.

"(C) Interest on a judgment, decree, or order for the payment of money rendered in a civil action based on tortious conduct and not settled by agreement of the parties, shall be computed from the date the cause of action accrued to the date on which the money is paid, if, upon motion of any party to the action, the court determines at a hearing held subsequent to the verdict or decision in the action that the party required to pay the money failed to make a good faith effort to settle the case and that the party to whom the money is to be paid did not fail to make a good faith effort to settle the case.

"(D) Divisions (B) and (C) of this section do not apply to a judgment, decree, or order rendered in a civil action based on tortious conduct if a different

period for computing interest on it is specified by law, or if it is rendered in an action against the state in the court of claims, or in an action under Chapter 4123. of the Revised Code."

Contrary to plaintiff's contentions, plaintiff's request for prejudgment interest is not supported by a combined reading of R.C. 2743.18 and 1343.03. R.C. 2743.18 simply places claimants before the Court of Claims in the same position as private parties would be in an action in a trial court of general jurisdiction; R.C. 1343.03(C) allows a plaintiff in a civil action based on tortious conduct to recover prejudgment interest if the court determines at a hearing held subsequent to the verdict or decision that the party required to pay the money failed to make a good faith effort to settle the case and that the party to whom the money is to be paid did not fail to make a good faith effort to settle the case. However, R.C. 1343.03(D) specifically states that the prejudgment interest otherwise payable under subsection (C) does not apply to judgments "rendered in an action against the state in the court of claims." Accordingly, to the extent plaintiff relies on the language of R.C. 1343.03, read with R.C. 2743.18, as a basis for recovery of prejudgment interest herein, plaintiff's reliance is misplaced; the general language of R.C. 2743.18 does not obviate the specific language of R.C. 1343.03(D).

Arguably, R.C. 1343.03(B) suggests that the only manner in which a party may recover prejudgment interest in an action based on tortious conduct is as set forth in R.C. 1343.03(C) and (D), as R.C. 1343.03(B) states:

"Except as provided in divisions (C) and (D) of this section, interest on a judgment, decree, or order for the payment of money rendered in a civil action based on tortious conduct * * * shall be computed from the date the judgment, decree, or order is rendered to the date on which the money is paid."

However, even if we do not so interpret R.C. 1343.03(B), we find that, without any basis for recovery under R.C. 1343.03, plaintiff is relegated under R.C. 2743.18 to recovering prejudgment interest on the same basis afforded private parties under the common law or some other statutory provision. Generally, Ohio common law does not allow prejudgment interest in civil actions based on tortious conduct. *Cleveland Ry. Co. v. Williams* (1926), 115 Ohio St. 584, 155 N.E. 133, syllabus; *Chupka v. Oshust* (App.1937), 27 Ohio Law Abs. 351. Some exceptions to the general rule exist, as for example, in some actions for conversion, see *Lyle v. Durham* (1984), 16 Ohio App.3d 1, 16 OBR 1, 473 N.E.2d 1216, and actions involving permanent injury to land, see *Upson Coal & Mining Co. v. Williams* (1905), 18 Ohio C.D. 388, 396, 7 Ohio C.C. (N.S.) 293, 301–302, affirmed (1907), 75 Ohio St. 644. However, plaintiff points to no common-law exception which would allow her to recover prejudg-

ment interest herein. Nor does she refer us to any statutory provision which would allow such a recovery.

Accordingly, plaintiff having demonstrated no basis to support her claim for prejudgment interest, we overrule plaintiff's single assignment of error and affirm the judgment of the trial court.

*Judgment affirmed.*

WHITESIDE and JOHN C. YOUNG, JJ., concur.