RUSSELL *against* TOMLINSON and HAWKINS.

Two or
more persons owning
dogs severally, are not
jointly liable for acts
of mischief
done by
such dogs
jointly.

THE declaration alleged, that the defendants, with force and arms, entered upon the land of the plaintiff, and with their dogs, by them owned and kept, chased, worried and killed, twenty-eight sheep, of the plaintiff, of the value of 500 dollars, contrary to the statute law, in such case made and provided.(*a*)

(*a*) This statute provides, " That the owner or owners of any dog or dogs shall be responsible for all damages, which such dog or dogs may do, by wounding or destroying sheep, although such owner or owners, may not have

New-Haven,
June, 1817.
⎰⎱
Russell
v.
Tomlinson
and
Hawkins.

The cause was tried at *New-Haven, January* term, 1817, before *Trumbull, Hosmer* and *Gould,* Js.

On the trial, it appeared, that the trespass complained of, in the plaintiff's declaration, was committed by two dogs, at the same time, and jointly, but without the consent or knowledge of the defendants, or either of them. The defendants did not own these dogs jointly; but one of the defendants owned one dog, and the other defendant owned the other dog. The defendants, therefore, contended, they were not jointly liable for the injury done by dogs, thus owned by them severally. But the court charged the jury, that if they should find that the plaintiff's sheep were worried and killed by dogs, as set forth in the declaration, and that each of the defendants owned one of those dogs, they must find both of the defendants guilty, and award damages against them in the plaintiff's favour. The jury found a verdict against the defendants; and they moved for a new trial, on the ground of a misdirection. This motion was reserved for the consideration and advice of the nine Judges.

*N. Smith,* and *J. L. Tomlinson,* in support of the motion.

*Staples,* contra.

SWIFT, Ch. J. Owners are responsible for the mischief done by their dogs; but no man can be liable for the mischief done by the dog of another, unless he had some agency in causing the dog to do it. When the dogs of several persons do mischief together, each owner is only liable for the mischief done by his own dog; and it would be repugnant to the plainest principles of justice, to say, that the dogs of different persons, by joining in doing mischief, could make their owners jointly liable. This would be giving them a power of agency, which no animal was ever supposed to possess. It is true, that there may be some difficulty in ascertaining, in separate actions, the *quantum* of damage done by the dog of each; but this can be no reason why one man should be accountable for mischief done by the dog of another.

I would advise that a new trial be granted.

known such dog or dogs to be accustomed to do such mischief; and all such damages may be recovered by action of trespass against such owner or owners." 1 *Stat. Conn. tit.* 145. c. 2.

*New-Haven,*
June, 1817.

Russell
*v.*
Tomlinson
and
Hawkins.

GOULD, J. The only question necessary to be decided, is, whether the defendants are liable jointly?

Upon this point, the statute, upon which the action is brought, furnishes no rule of decision. It contains, indeed, two new provisions, of which one merely gives to the party injured, an action of trespass, instead of case, and the other only dispenses with the necessity of science in the defendant. In other respects, the case stands, as if no such statute had been made, and is to be governed, of course, by the rules of the common law.

If, then, the plaintiff had brought trespass on the case, laid with a *scienter*, could the action be maintained against the defendants, as for a joint wrong? It is not pretended, that there is any such case in the books; and I know of no principle, which would warrant one. It is true, that, according to the form of declaring in *trespass*, for mischief done by animals, the owner is charged with having with them *personally* committed the injury. But the action, whether it sounds in trespass, or case, is, substantially, founded upon his negligence, in not duly restraining them. Now, the neglect of *A.* in keeping an animal, which belongs solely to himself, cannot be the neglect of *B.* in keeping *his.* The duties, imposed upon them, by law, as owners, are several; and if there is no joint duty, there can be no joint neglect, or omission, of duty—and of course, I think, no joint liability.

The difficulty of ascertaining the proportion of mischief, done by each of the two animals, is of very little practical consequence, in any view of the case. For, as to the danger of injustice to either of the owners, from the chance of his being subjected to an undue proportion of the damages, the risk is the same, whether their liability is joint and several, or several only. And the suggestion, that, unless they are jointly chargeable, there is danger, that the plaintiff may fail of obtaining complete justice, is founded upon the assumption, that the recovery of a part satisfaction, in a several action against one of them, would bar a recovery for the residue, against the other. But if a recovery, had against one, should be for only a part of the injury; that fact, I trust, is a proper subject of averment, and may be replied in an action against the other, to a plea, alleging the former recovery. As to this point, the analogies appear even stronger, than the case supposed would require. *Lacon* v. *Barnard,*

*Cro. Car.* 35. *Field* v. *Jellicus,* 3 *Lev.* 124. *Sedgeworth* v. *Overend,* 7 *Term Rep.* 279.

The other Judges were of the same opinion.

New trial to be granted.