That an action of *Trespass* upon the sixth section of the statute to prevent trespass-
es will not lie against two separate owners of dogs for the injury done by them
jointly.

THIS was an action of *Trespass*, in which the Plaintiff de-
clared against the defendants, jointly, for that two dogs of the
defendants worried and killed the sheep of the plaintiff. The
action was predicated upon the *sixth section* of an act entitled
"an act more effectually to prevent trespasses in certain cases."
The defendants pleaded not guilty, and issue was joined to the
country. It appears, by the exceptions allowed by the judges of
the County Court on the trial of said action, that the plaintiff's
testimony tended to show, not that the defendants were joint own-
ers of the two dogs, but that *Hall* was the separate owner of one
of them, and that *Cootwire* was the separate owner of the other,
and for want of some testimony tending to show a joint ownership, a
non-suit was ordered by the Court. Exceptions were taken to this
decision, and allowed, and the cause was removed to this Court
for a hearing upon the exceptions, accompanied with a motion to
set aside the non-suit, and grant a new trial.

*Mr. Allen, for the plaintiff,* contended that the nonsuit ought
not to have been ordered.

1st. In the action of Tresspass, if too many are made defend-
ants, the plaintiff must recover against as many as he can prove

GRAND-ISLE, *January,* 18.9.

Adams *vs.* Hall *et al.*

to be guilty ; and the rest may be acquitted. 3 *East's Rep.* 62, *Govet* vs. *Radnidge et al.*

2d. The evidence is sufficient to support the action against both defendants; because, the damage being entire, the action ought to be so too. If two are concerned in committing a Trespass upon the property or person of another, no objection can be raised to their being joined in an action for the recovery of damages. If two shall at one and the same time beat another, whereby he shall receive a single and entire injury, the action will lie against both, on the ground that the damage is entire. If by the negligence of two persons, they shall suffer their dogs to do single and entire injury to the property of another, I see no reason why the action will not lie against both. 2 *Saund.* 117, c.—*Cowp.* 612, *Rex* vs. *Clark.*

What injury can arise from the joinder of action in this case ? If separate actions should be brought, the damages would be entire ; and one satisfaction would be a satisfaction as to both, except that two bills of cost could be collected. What good objection, then, can there be to the joining of both in the same action ? It would lessen the number of suits, and curtail expenses and costs.

*J. C. Thompson, for the defendants.* This was an action of trespass to recover damages for an injury done to sheep by *two dogs* owned by defendants *jointly.* Evidence was offered to prove, that each defendant owned one dog, and that the two dogs were, at one and the same time, jointly concerned in killing the sheep.

1. The defendant,*Hall,* contends that the evidence offered was improper, because it did not tend to prove the declaration.

2. The defendants could not be jointly liable unless they were *joint owners* of the dogs, or were jointly concerned in procuring or permitting the injury.

3. One man cannot be made liable for an injury done by another man's dog, unless he has some agency in effecting the injury ; and this agency cannot be presumed from any thing but the fact that he has a property in the dog.—2 *Con. Rep.* 206, *Russell* vs. *Hawkins et al.* The statute changes the remedy from *Case* to *Trespass.* If the action were *Case,* could the neglect of one defendant, in not restraining his dog, be the neglect of the other ? Or could either be responsible for the neglect of the other ? Two men could not be *jointly* liable for the joint act of their respective *servants,* much less their *dogs.*

HUTCHINSON, J. delivered the opinion of the court. If the testimony adduced by the plaintiff on trial was of a character

adapted to the issue, so that gaining credit with the jury, it would entitle the plaintiff to a verdict, then the nonsuit must be set aside and a new trial granted. If otherwise, the nonsuit must stand.

The section of the statute, upon which this action is founded, reads as follows, to wit: "If any sheep shall be worried, wounded "or killed by any dog or dogs, within this state, the owner or "keeper of such dog or dogs shall pay to the owner or owners "of such sheep, so worried, wounded or killed, just damages, to "be recovered by action of trespass, founded on this statute, to- "gether with costs, before any court proper to try the same."

As this action would not lie at all for the mere act of the dogs, without the act was procured or occasioned by the defendants, but the action must have been *Case*, alleging that the dogs were accustomed to bite, and that known to the defendants, it becomes important to ascertain upon what the liability depends, by the express provisions of the statute. And it appears very plain, that two things must concur to render any man liable to this action of trespass. 1st. There must have been a worrying, wounding or killing of sheep, or of a sheep, by some dog or dogs; and 2d. the man charged with the payment of the damage must be either the owner or keeper of the dog or dogs that do the mischief. This is correct and proper: for men who own, or keep and have the care of dogs, should own and keep such as will not do mischief of this kind, or so keep and take care of them as wholly to prevent such mischief. Being owner or keeper has an equal tendency to create the liability. The defendants, in this case, are charged as being owners of the two dogs that acted together in killing the plaintiff's sheep. But it came out in testimony that they were not joint owners, but each owned separately. *Hall* was under no obligation to keep the other defendant's dog from killing sheep; nor *vice versa*. Then, shall each become liable for the injury done by the other's dog, merely because the dogs, without the knowledge or consent of the owners, did the mischief in company? We think not. If two men, having separate servants, separately send them to do one and the same thing, and they, in doing it, occasion an injury to any one for which their masters would be liable, they would be jointly liable, by reason of their sending them to act jointly. But they would not be liable either jointly or severally, for trespasses done by their servants when not in their masters' business. Nor would they be jointly liable, if the servants had been sent each to do his master's separate business. If they were to be charged otherwise than thus, by reason of any express statute, they must be brought within the express provisions of such statute.

GRAND-ISLE, January, 1829.

Adams *vs.* Hall *et al.*

At common law a man may keep a dog or dogs with impunity, so long as he does not know that they are accustomed to bite, or do mischief. If he keep them after he possesses such knowledge, he is liable for the consequences in an action on the case. If two were partners in the keeping of the dog or dogs, thus accustomed to bite, with their knowledge, they would be jointly liable.

But an action of trespass is here brought, not for damage which the defendants did by setting their dogs to worry the plaintiff's sheep, but for the worrying and killing by the dogs, without any blame on the part of the defendants. The action is brought upon the statute ; and would not lie at the common law : nor can it be sustained unless the defendants are brought within the provisions of the statute. They are charged with being owners of these dogs. And the charge is well enough : for they might be joint owners. But the charge, is not maintained by showing each to be the separate owner of one dog. Nor is this a case in which one might be charged and the other not. There is no rule of law to fasten the liability upon either, in preference to the other.— They both stand alike in every respect. Either, sued separately, might be liable : for the charge that he was owner of the dogs would be true as to one at least, and that would render him liable for the injury. But the charge, that both were owners of the dogs, was not proved by the plaintiff's testimony, allowing it all to be true. The case cited from *2d Conn. Rep.* is exactly and fully in point to support this nonsuit.

While the non-importation act of the *United States* was in force, it rendered the owner of goods imported liable to pay to the *United States* three times their value. It was very common for the same vessel or vehicle to bring, at the same time, many packages, of which each had a separate owner, who of course forfeited the treble value. But it was never supposed that all those separate owners could be made jointly liable for the treble value of all these goods : nor could such an action ever have lived through any Court.— This is the very case before us. In designating the person liable, in either case, we must find the owner. If we would charge more than one defendant, we must find joint owners. As the plaintiff has not done this, *the judgment of nonsuit must be affirmed with cost.*

*H. Allen,* for plaintiff.

*J. C. Thompson,* for defendants.