By the Court,

Cowen, J.
The suit before the justice was against two persons for a joint trespass or wrong; and the plaintiff proved a separate trespass or wrong against each. It does not follow because the animal of A. accompanies the animal of B, in the same mischief, that the owners arc jointly liable. Where a joint action will lie, either may be made accountable for the whole injury. In a case like the one before us, the dog of one may be young, feeble, and incapable of mischief by himself; and yet, if a joint action lay, his master might be made accountable for the injury caused by the large and ferocious dog of his neighbor. The reason which makes one liable who personally joins in, or aids or abets the wrong done by another, does not apply. That is a case of intention or volition in the offender; and the man who advises or countenances a trespass is the real cause. He is sometimes the greater wrongdoer of the two; and at any rate [563] the law will not allow one who is perhaps alone able to pay, to shield himself under the plea that the wrong was done wholly or in part by the other. This is the same principle which inculpates the rioter or con' spirator; and makes him, though absent, a party to all that the actual perpetrator may say or do. In this there is great formal fitness and propriety *317 for there is actual delinquency. Not so in the case of animals vyhich happen to unite in perpetrating mischief. An ox and a calf belonging to different owners, reaching through a fence, throw it down and enter the enclosure of another at the same time; it would be unjust that the owner of the small animal should be holden to pay the damage done by the larger; and yet he must be so if a joint action could be sustained against both owners. The difficulty in accurately estimating the separate injury done by each dog, is not an argument of sufficient strength to warrant the injustice of punishing a man who is entirely innocent. The jury must, in this, as in most cases of wrong, get at the real damages in the best way they can (Russell v. Tomlinson & Hawkins, (2 Conn. Rep. 206), was a case precisely, both in fact and principle, similar to the present, except that it was a technical action of trespass, averring that the defendants entered upon the plaintiff’s land, and with their dogs worried and killed the plaintiff’s sheep. Swift, C. J., said, “Owners are responsible for the mischief done by their dogs; but no man can be liable for the mischief done by the dog of another, unless he had some agency in causing the dog to do it. When the dogs of several persons do mischief together, each owner is only liable for the mischief done by his own dog; and it would be repugnant to the plainest principles of justice t.o say that the dogs of different persons, by joining in doing mischief, could make the owners jointly liable. This would be giving them a power of agency, which no animal was ever supposed to possess.” Gould, J., labored mainly to prove that such a principle applied as well in an action of trespass under the statute of Connecticut, as in an action on the case. lie puts the question of joinder on common law grounds. He also goes more at large than the chief justice into the objection that the damages could not be severed. The court were unanimous that a joint action would not lie. [564] Adams v. Hall & Cootwire (2 Vermont Rep. 9), was an exactly similar attempt to charge the several owners of dogs jointly, and held the same way. This case appears to have been very well examined both upon principle and authority.
I am inclined to think that on moving for a nonsuit before the justice, the only way to save the plaintiff from that consequence was, by his electing to proceed against one of the defendants solely for the separate damage done by his dog; and entering a nolle prosequi as to the other, or as to him consenting to a verdict of not guilty. That would have subjected the plaintiff to a judgment for costs in favor of the acquitted defendant; but being on a technical formal point, clear of the merits, would not probably, as to him, have been a bar to a subsequent separate action, any more than a nonsuit would have been a bar.
Judgment of the common pleas reversed, and judgment of the justice affirmed.