Partenheimer *v.* Van Order.

## PARTENHEIMER *vs.* VAN ORDER.

Where cows, belonging to several owners, are found in the garden of an individual, committing a trespass, each owner is liable for the damage done by his own cow, and for no more.

And in the absence of all proof as to the amount of damage done by each cow, the law will infer that the cattle did equal damage.

APPEAL, by the defendant, from a judgment of a county court.

*Bruyn & Williams*, for the plaintiff.

*Walbridge & Finch*, for the defendant.

*By the Court,* MASON, J.　This is an action of trespass, brought in a justice's court, to recover damages for the defendant's cow getting into the plaintiff's garden and destroying his vegetables, &c.　The evidence in the case shows that the defendant's cow, with some nineteen others, was found in the plaintiff's garden, and that the whole damage done by all of the cows, taking the highest estimate of any of the witnesses, was $20.　The jury found a verdict against the defendant for $20 damages ; for which sum the justice rendered judgment, with costs of suit.　The defendant appealed to the county court, where the judgment of the justice was affirmed, and the defendant has appealed to this court.　The law is well settled, that the defendant is only liable for the damages done by his own cow, and not liable for the damages done by the cows of others jointly with his own.　(17 *Wend.* 562.　2 *Conn. R.* 206.　2 *Verm. Rep.* 9. 1 *Denio,* 495, 501.　20 *Pick.* 477.)　In cases like the present, the law fixes a distinct and definite rule of damages.　It gives to the party injured his direct pecuniary los, sand no more.　(*Greenl. Ev.* § 253.　*Sedg. on Dam.* 37.　11 *Barb.* 370.)　In this case the jury either mistook the rule of damages, or else they intentionally disregarded it.　In either case they have violated a settled principle of law.　The party was as much entitled to have this rule of law observed in the trial of this cause, as any other upon which his rights depended.　It will not do to say that as it was not proved that the other cows did any of the damage, the judgment therefore should be affirmed.　The only evidence in the case to show that the defendant's cow did this damage, consists in the proof that his cow was in the garden with the others, and that the damage was done by these cows. In the case of *Rudd* v. *Shever,* (20 *Pick.* 479,) in considering this question of damages done by the dogs of different owners, the court say, "*if it could be proved* what damage was done by one dog and what by the other, there would be no difficulty, and on failure of such proof each owner might be liable for an equal share of the damage, if it should appear that the dogs were of equal power to do mischief and there were no circumstances to render it probable that greater damage was done by one dog

than by the other." In the absence of all proof, it seems to me that this is a sensible rule, and that we should infer that the cattle did equal damage, in the absence of any proof as to how much was done by each. The law cannot certainly be so unreasonable as to presume that one cow did it all. The judgments of the county court and justice must be reversed.

[OTSEGO GENERAL TERM, July 10, 1855. *Shankland, Gray* and *Mason*, Justices.]