May Term,
1857.

DENNY
v.
CORRELL.

---

### DENNY and Another *v.* CORRELL.

Where dogs belonging to several persons kill sheep together, each owner is liable only for the acts of his own dog.

Tuesday,
May 26.

APPEAL from the *Kosciusko* Court of Common Pleas. PERKINS, J.—Suit by *Correll* against *James* and *Martin Denny*, to recover the value of sheep killed by the dogs of the defendants. Judgment for the plaintiff against the defendants jointly. Each of the defendants was the exclusive owner of one of the dogs.

The Court instructed the jury that the plaintiff might <span>May Term, 1857.</span> recover against the defendants jointly. The defendants excepted.

<span>DENNY v. CORRELL.</span>

At the common law, those jointly concerned in the commission of a tort, may be sued jointly; and there may be a joint recovery if the tort be one which might have been committed by several. 2 Swan's Pr. 90.—1 Chit. Pl. 79. But this principle is held not to apply in cases of suits upon statutes to recover for sheep killed by dogs; because, as it would seem, one might be a big, and the other a little dog. *Russell* v. *Tomlinson*, 2 Conn. R. 206.—*Buddington* v. *Shearer*, 20 Pick. 477.—*Van Steenburgh* v. *Tobias*, 17 Wend. 562.—*Adams* v. *Hall*, 2 Vt. R. 9 (1). Perhaps there is another reason for the distinction. As a general proposition, at common law, the owner is not liable for trespasses committed by his dog. 1 Chit. Pl. 82.—Swan, *supra*, 98. The statute enacts that he shall be liable for the damage his dog may do to sheep. 1 R. S. 457. Perhaps, under such a statute, each owner should be liable separately for the act of his own dog.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded for a new trial.

*H. C. Newcomb* and *J. S. Harvey*, for the appellant.

(1) In the case of *Van Steenburgh* v. *Tobias*, 17 Wend. *Tobias* brought an action on the case, for the worrying and killing of sheep belonging to him, by two dogs, one owned by *Van Steenburgh*, and the other by *Gray*, the two dogs uniting in the mischief. The justice who tried the case nonsuited *Tobias*, on the ground that a joint action against the owners of the dogs could not be sustained. The Common Pleas reversed the judgment of the justice. The defendants sued out a writ of error. COWEN, J., in giving the opinion of the Supreme Court, reversing the judgment of the Common Pleas, and affirming that of the justice, says: "It does not follow, because the animal of *A.* accompanies the animal of *B.*, in the same mischief, that the owners are jointly liable. Where a joint action will lie, either may be accountable for the whole injury. In a case like the one before us, the dog of one may be young and feeble, and incapable of mischief by himself; and yet, if a joint action lay, his master might be made accountable for the injury caused by the large and ferocious dog of his neighbor. The reason which makes one liable who personally joins in, or aids or abets the wrong done by another, does not apply."

In *Russell* v. *Tomlinson*, 2 Conn. R. 206, which was a similar case in principle, SWIFT, C. J., said: "Owners are responsible for the wrong done by their

dogs; but no man can be liable for the mischief done by the dog of another, unless he has some agency in causing the dog to do it. When the dogs of several persons do mischief together, each owner is only liable for the mischief done by his own dog; and it would be repugnant to the plainest principles of justice, to say that the dogs of different persons, by joining in doing mischief, could make the owners jointly liable. This would be giving them a power of agency which no animal was ever supposed to possess."