PETER RAUEN vs. JOHN BURG.

May 11, 1888.

Pleadings in justice's court *held* sufficient.

This action was brought in justice's court, Hennepin county, to recover $22.47, the amount of a bill of groceries. The summons was returnable July 20, 1887, at 9 o'clock A. M. At 10 o'clock the parties appeared, and on defendant's motion the case was adjourned until July 27th, at 10 A. M., at which day and hour the case was called and the parties appeared. Plaintiff submitted his account, and swore to it. Defendant objected to pleading, on the ground that the time for pleading had passed. The objection was overruled and he excepted, and then filed his verified answer, which consisted of a counterclaim of $75 for work and labor. Plaintiff's reply is thus stated in the justice's docket: "Plaintiff replies orally; denies that he owes defendant the sum of $75, or any sum whatever; verified." The defendant then admitted plaintiff's claim of $22.47, and demanded judgment for $52.53, on the pleadings. This was denied, and he excepted. The justice thereupon found for plaintiff for $22.47, for which sum, with costs, judgment was entered. The defendant appealed, on questions of law alone, to the district court for Hennepin county, where the judgment was affirmed by *Lochren, J.,* and the defendant again appealed.

*Jordan, Penney & Hammond,* for appellant.

*C. A. Ebert* and *J. H. Long,* for respondent.

*By the Court.* The pleadings were made within one week after the return-day of the summons, and in time, under Gen. St. 1878, c. 65, § 23. It is not a case where the court will notice fractions of a day. The intent of the plaintiff, by his oral reply, to put in issue the defendant's counterclaim is plain enough, and, though informal, we think it ought to be construed as a denial of defendant's claim as a subsisting cause of action. Had the plaintiff refused to amend upon the direction of the court, after specific objection to the pleading, under section 33, it might have been disregarded. But the defendant

could not have been misled, and we see no reason why, under the pleadings as made, the simple questions of fact in the case could not have been summarily and fairly disposed of upon the merits at the trial. Oral pleadings which parties may make in justice's court, without the aid of counsel, are not to be construed with technical strictness, but with great liberality in furtherance of justice. To hold otherwise would tend to encourage appeals upon purely technical grounds.

Judgment affirmed.