THE STATE, HENRY NIERENBERG AND EMIL ZUKUGMAN, PROSECUTORS, v. JAMES WOOD.

A joint action will not lie against the separate owners of dogs which unite in destroying the property of a third person. Each owner is liable only for the damage done by his own dog, and not for that which is done by the dogs which do not belong to him.

On *certiorari* to the Court of Common Pleas of Passaic county.

Argued at February Term, 1896, before Justices DEPUE, VAN SYCKEL and GUMMERE.

For the prosecutors, *William W. Watson.*

The opinion of the court was delivered by

GUMMERE, J. This action was brought by Wood, the plaintiff below, against the prosecutors, Nierenberg and Zukugman, jointly, to recover compensation for damages done by two dogs, one owned by Nierenberg and the other by Zukugman, in trampling down and destroying certain cabbage plants, beans, &c., which were growing in Wood's close. The property was all destroyed at the same time, the two dogs uniting in committing the mischief, and a judgment was entered in the court below against the prosecutors by which each was made responsible for the whole of the injury done.

The theory upon which the suit was tried and judgment rendered seems to have been that, as the loss suffered by the plaintiff was the result of the joint act of the two dogs, their respective masters stood in the same position, so far as liability to respond for the damage done was concerned, as if they personally had broken and entered the plaintiff's close and destroyed his growing plants.

But the reason which makes one who personally aids in or abets the wrong done by another liable for the whole amount of the injury done, does not apply in a case like that under consideration.

In the case of a joint tort, each offender's liability arises out of the fact that his participation in the wrongful act was voluntary and intentional, and the law, as a punishment for his wrongdoing as well as for the protection of the rights of the injured party, makes him answerable for all the consequences of that act. But in the case of animals which wander off and unite in perpetrating mischief, there is no actual culpability on the part of their owners. Liability in such a case only exists by reason of the negligence of the owners in permitting their animals to stray away and commit the depredations, and it has, therefore, always been held, when the question has come before the courts, that a joint action will not lie against separate owners of dogs which unite in committing mischief. One of the earliest cases on this subject is *Russell* v. *Tomlinson and Hawkins*, 2 *Conn.* 206, in which the plaintiff sought to hold the defendants jointly liable for injuries done to his sheep by their dogs. Chief Justice Swift, in delivering the opinion of the court, said: "Owners are responsible for mischief done by their dogs, but no man can be liable for the mischief done by the dog of another, unless he had some agency in causing the dog to do it. When the dogs of several persons do mischief together, each owner is only liable for the mischief done by his own dog, and it would be repugnant to the plainest principles of justice to say that the dogs of different persons, by joining together in doing mischief, could make the owners jointly liable. This would be giving them a power of agency which no animal was ever supposed to possess."

A similar view is expressed in *Van Steenburgh* v. *Tobias*, 17 *Wend.* 562; *Auchmuty* v. *Ham*, 1 *Denio* 495; *Partenheimer* v. *Van Order*, 20 *Barb.* 479; *Adams* v. *Hall*, 2 *Vt.* 9; *Buddington* v. *Shearer*, 20 *Pick.* 477, and *Denny* v. *Correll*, 9 *Ind.* 73.

Nor does the fact that there may be difficulty in ascertaining the *quantum* of damage done by each dog afford any ground for holding their owners jointly liable. As was said in *Van Steenburgh* v. *Tobias, supra,* the difficulty of such

ascertainment is not an argument of sufficient strength to warrant the injustice of punishing a man who is entirely innocent.

The liability of the prosecutors in this case, for the mischief done by their respective dogs, was a separate and not a joint one, and the plaintiff, in order to recover for the loss which he had sustained, should have brought actions against each of them for so much of the injury as was caused by the dog which he owned. By doing so he would have been fully indemnified, for the recovery in an action against one owner would have been no bar to the action against the other.

The judgment of the Court of Common Pleas should be set aside.