JOHANNES ANDERSON, Appellant, v. THEODORE HALVERSON, Appellee.

**Dogs:** KILLING OF SHEEP: EVIDENCE. Evidence that defendant, after
1   learning of the loss of plaintiff's sheep and that his dog was charged with their destruction, killed the dog and remarked that " it would kill no more sheep," was admissible in an action for damages as an admission of liability.

**Damages:** APPORTIONMENT. Under Code, section 2340, where more
2   than one dog was engaged in killing sheep, the owner of each is liable only for the damage done by his dog, and the amount of damage and an apportionment thereof is for the jury to determine.

*Appeal from Buena Vista District Court.*— HON. W. B. QUARTON, Judge.

THURSDAY, DECEMBER 15, 1904.

ACTION at law to recover damages done by defendant's dog. Trial to a jury. Directed verdict for the defendant, and plaintiff appeals.— *Reversed.*

*Helsell & Schultz,* for appellant.

*F. F. Faville,* for appellee.

DEEMER, C. J.— Plaintiff claims that defendant is the owner of a dog which went upon his premises and killed and injured more than 40 head of sheep and lambs. Defendant's answer is a general denial. At the conclusion of plaintiff's

testimony defendant moved for a verdict because there was no evidence to show that defendant's dog killed or injured any of plaintiff's sheep; because there was no evidence that the dog which did the damage belonged to the defendant; and for the further reason that, according to the testimony, the sheep were injured or killed by the joint act and trespass of two dogs, one of which did not belong to the defendant; and that plaintiff has failed to show how much of the damage was done by the dog which it is claimed belonged to the defendant and how much by the other dog, which it is conceded he did not own. This motion was sustained, and the ruling thereon is the basis of this appeal. That plaintiff lost and had a number of sheep injured by one or more dogs on the night of June 8, 1903, is so clearly shown as to be beyond the pale of dispute. Plaintiff and others heard a disturbance among the sheep, and, going to their pen, found a yellow dog biting and jumping around after them. Immediately upon being discovered, the dog fled, and was next seen lying on defendant's porch. There was another dog outside the shed, and at least sixty feet away, when plaintiff discovered the trouble. When the yellow dog was seen on the defendant's porch the next morning, he was covered with sheep dirt. It was admitted that the dog found on defendant's porch belonged to him. The ownership of the other dog is not disclosed.

Plaintiff offered to show that defendant, after hearing of the loss of plaintiff's sheep, and knowing that his dog was charged with being the author of the trouble, killed him, and remarked that " it would kill no more sheep." The court sustained an objection to this offer, and in this committed an error. The offered testimony was in the nature of an admission made by the defendant, proper for a jury to consider in arriving at its verdict.

1. EVIDENCE:

II. From the summary which we have made of the testimony, it is clear that the case should have gone to the

jury, unless there be something in defendant's third ground

2. DAMAGES: ap-    of motion — that there is nothing in the
portionment.     record to show the amount of the damage done
by his dog. Appellant's contention that defendant is responsible for the entire damage no matter how much was done by another dog, is unsound. Under the statute as it existed when this cause of action arose, defendant was responsible only for the damages done by his dog. Code, section 2340. That statute has since been amended, but with that amendment we have nothing to do. The dogs were joint wrongdoers if they acted in concert in killing or injuring plaintiff's sheep, but the owners thereof were not. In the absence of statute, the owners of the respective dogs are simply liable for the damages done by their dogs, and not for that done by dogs belonging to others. *Denny v. Correll,* 9 Ind. 72; *Russell v. Tomlinson,* 2 Conn. 206; *Buddington v. Shearer,* 20 Pick. 477; *Dyer v. Hutchins,* 87 Tenn. 198 (10 S. W. Rep. 194); *Adams v. Hall,* 2 Vt. 9 (19 Am. Dec. 690). Our statute as it existed when this cause of action arose is simply a codification of the common law with reference to several liability. The cases relied upon by appellant are all based upon statutes imposing joint liability, and hence are not in point. Under the common-law rule it is proper for the jury, after hearing all the testimony, to apportion the damages, in the event they found that the injuries were inflicted by two or more dogs belonging to different persons. *Wilbur v. Hubbard,* 35 Barb. 303; *Buddington v. Shearer, supra.* If the dogs were apparently of equal powers for doing damage, and there are no circumstances to render it probable that one did more than the other, there is good ground for saying that each owner should be held liable for an equal share of the damages. See cases cited above. However, the matter is after all a question for a jury under proper instructions. In the instant case the jury might have found from the testimony adduced that defendant's dog did a large share, if not practically all, of the

damage, although a finding apportioning the same would not have been disturbed. We think the case should have gone to the jury on every proposition argued, and that the trial court was in error not only in its ruling on evidence, but in sustaining the motion for a verdict.—*Reversed.*