S. S. NOHRE v. GEORGE WRIGHT and Another.[1]

July 13, 1906.

Nos. 14,758—(95).

**Justice Court—Filing Answer.**

When the parties to an action in a justice court appear on the return day named in the summons, and on motion of the plaintiff the hearing is adjourned for one week, the answer may be filed on the day to which the hearing is adjourned. By implication the justice designates that day for the pleading and by moving the adjournment the plaintiff consents thereto.

**Action for Damages—Proof.**

Section 4986, G. S. 1894 (R. L. 1905, § 3913), does not authorize a judgment in an action to recover unliquidated damages without proof of the amount of the damages.

**Joint Liability of Owners of Dogs.**

Section 6882, G. S. 1894 (R. L. 1905, § 2786), does not change the common-law rule that, where several dogs kill sheep and do other damage jointly, the owner of each dog is liable only for the damage done by his dog, and a joint action will not lie against the owners of the dogs. The statute merely relieves the plaintiff from the necessity of showing scienter.

Appeal by plaintiff from a judgment of the district court for Houston county, entered pursuant to the order of Kingsley, J. Affirmed.

*F. A. Duxbury,* for appellant.

*W. H. Harries* and *Chas. A. Dorival,* for respondents.

ELLIOTT, J.

This is an appeal from a judgment of the district court which affirmed a judgment of the justice court. The suit was brought in the justice court against two defendants to recover damages alleged to have been caused by the killing of the plaintiff's sheep by two dogs alleged to be owned by the defendants. On the return day, upon motion of the plaintiff, the case was adjourned for one week. No answer was filed at that time. On the day to which the case was adjourned the defendants filed an answer, which was stricken out on motion of the plaintiff

[1] Reported in 108 N. W. 865.

on the ground that no consent or agreement had been made by the parties that the pleadings might be filed after the return day named in the summons. The case was then, by proper proceedings, transferred to another justice, who proceeded on the same day to the trial of the case. The court then denied the plaintiff's motion for judgment for want of an answer, and granted the defendants' motion for leave to file an answer. After hearing the evidence the justice granted the defendants' motion to dismiss the action, and from a judgment entered thereon an, appeal was taken to the district court on questions of law alone, where the judgment was affirmed.

1. Section 4977, G. S. 1894 (R. L. 1905, § 3904), provides that pleadings in justice courts must take place at the time mentioned in the summons for the appearance of the parties, or at such time thereafter, not exceeding one week, as the justice may appoint for the convenience of the parties and by their consent. The time to which an adjournment may be taken is thus limited to one week, and after the expiration of that period the right to plead is lost, unless it has been preserved by agreement of the parties with the approval of the court. West v. Berg, 66 Minn. 287, 68 N. W. 1077; Caley v. Rogers, 72 Minn. 100, 75 N. W. 114; Johnson v. Little, 82 Minn. 69, 84 N. W. 648. In the case at bar the adjournment was for one week, and the answer was filed within the time limited by the statute. The plaintiff, by moving for the adjournment, must be held to have consented to the filing of the pleading on the adjourned day, and the justice by ordering the adjournment to that day by implication appointed the time within which the answer might be filed. Rauen v. Burg, 38 Minn. 389, 37 N. W. 946.

2. Section 4986, G. S. 1894 (R. L. 1905, § 3913), does not authorize a judgment for unliquidated damages without proof of the amount of such damages. It does not apply to tort actions, and therefore the plaintiff was not entitled to judgment upon his motion, even had the defendants been in default for want of an answer.

3. The complaint alleged that the two dogs "were owned and in the possession of the defendants herein," but the evidence very clearly showed that one dog belonged to the defendant George Wright, and the other to the defendant William Wright. The common-law rule is that, where domestic animals of different owners unite in committing an injury, the wrong is not the joint wrong of the owners, but each owner is,

liable separately for the damages done by his own animal. Separate owners of several animals are not jointly liable for damages done by them all at the same time. Cooley, Torts (2d Ed.) 348; Ingham, Animals, 413; 5 Current Law, 116; 3 Lawson, Rights & Rem. 2493; Van Steenburgh v. Tobias, 17 Wend. 562, 31 Am. Dec. 310; Buddington v. Shearer, 20 Pick. 477; Nierenberg v. Wood, 59 N. J. L. 112, 35 Atl. 654; Auchmuty v. Ham, 1 Denio, 495; Wilbur v. Hubbard, 35 Barb. 303; Partenheimer v. Van Order, 20 Barb. 479; Adams v. Hall, 2 Vt. 9, 19 Am. Dec. 630; Dyer v. Hutchins, 87 Tenn. 198, 10 S. W. 194; Denny v. Correll, 9 Ind. 72, 74; Little Schuylkill v. Richards, 57 Pa. St. 142, 147, 98 Am. Dec. 209; Wesgate v. Carr, 43 Ill. 450; Yeazel v. Alexander, 58 Ill. 254, 263; Flansburg v. Basin, 3 Ill. App. 531; Powers v. Kindt, 13 Kan. 74; Chipman v. Palmer, 9 Hun, 517, 520; Cogswell v. Murphy, 46 Iowa, 44; Anderson v. Halverson, 126 Iowa, 125, 101 N. W. 781.

In Carroll v. Weiler, 1 Hun, 605, 4 Thomp. & C. 131, it was said: "Where several dogs kill sheep, or do other damage jointly, the owner of each is liable for the damage done by his dog and a joint action will not lie against the owners." In Russell v. Tomlinson, 2 Conn. 206, Mr. Justice Swift said: "When the dogs of several persons do mischief together, each owner is only liable for the mischief done by his own dog, and it would be repugnant to the plainest principles of justice to say that the dogs of different persons by joining in doing mischief could make their owners jointly liable. This would be giving them a power of agency which no animal was ever supposed to possess."

It is, of course, often difficult to identify the owners of a pack of mischievous dogs and apportion the damages done by each dog. In some states this difficulty has been removed by making the owner of each dog liable for all the damages done by the pack. See Nelson v. Nugent, 106 Wis. 477, 82 N. W. 287, 80 Am. St. 51; Kerr v. O'Connor, 63 Pa. St. 341; Inhabitants v. Ashworth, 160 Mass. 186, 35 N. E. 773; Remele v. Donahue, 54 Vt. 556; Rowe v. Bird, 48 Vt. 578; McAdams v. Sutton, 24 Oh. St. 333; Anderson v. Halverson, supra. The appellant contends that such is the effect of section 6882, G. S. 1894, which provides that:

> The owner or possessor of any dog that shall kill, wound or worry any sheep or lamb or other domestic animal or animals including poultry, shall be liable for the value of such sheep or

lamb or other domestic animal or animals including poultry to the owner thereof without proving notice to the owner or possessor of such dog, or knowledge by him that his dog was mischievous or disposed to kill sheep.

This section, much improved in phraseology, is section 2786, R. L. 1905. It in no way resembles the statutes which in certain states have changed the general rule. It changes the common-law rule of liability only in so far as it relieves the plaintiff of the necessity of showing scienter. See Van Bergen v. Eulberg, 111 Iowa, 139, 82 N. W. 483; Anderson v. Halverson, supra. The statute provides that the possessor of any dog that shall injure sheep shall be liable for the value of such sheep. There is nothing in the language or in the history of the statute to suggest that the legislature intended to change the common-law rule which made the owner of the dog liable for the damages caused by his dog.

The justice therefore properly dismissed the case and the judgment appealed from is affirmed.