# CHARLESTON.

### L. B. FARLEY v. CRYSTAL COAL & COKE Co. *et als.*

Submitted February 4, 1920.   Decided February 17, 1920.

1. TORTS—*Tort Feasors Acting Independently in Preparation of Similar Wrongful Acts at the Same Time Not Jointly Liable for Injury Subsequently Resulting from Combination of Acts and Natural Causes.*

   Two or more *tort feasors* acting independently, without concert, collusion or pursuit of a common design, in the perpetration of like wrongful acts at the same time, working like injury to the same subject, are not jointly liable for injury subsequently resulting to any person from combination of the consequences of such wrongful acts, by the operation of natural causes.   (p. 597).

2. SAME—*Independent Tort Feasors Not Jointly Liable Unless Injury Results Directly from Contemporaneous Wrongful Acts.*

   In the case of wholly independent action of *tort feasors*, there is no joint liability, nor liability of one of them for entire damages, except in those instances in which the injury results immediately or directly from the coincident and contemporaneous wrongful acts.   (p. 597).

3. WATERS AND WATER COURSES—*Persons Acting Independently in Polluting a Stream to Damage of Riparian Owner Not Jointly Liable.*

   Two or more persons who, acting separately and independently, have wrongfully cast in a stream, coal, cinder and other materials and polluted and defiled it, in consequence of which the property of a riparian owner has been injured and damaged, are not jointly liable for the damages so wrought, nor is any one of them liable for such damages in their entirety.   (p. 597).

4. CASE OVERRULED.

   In so far as the decision in *Day* v. *Louisville Coal & Coke Co.*, 60 W. Va. 27, conflicts with the propositions above stated, it is disapproved and overruled.   (p. 601).

5. PARTIES—*Failure of Declaration Against Several Tort Feasors to Show Joint Liability is Ground for Demurrer for Misjoinder.*

   Failure of a declaration against several *tort feasors*, joined in one action, to show any ground of joint liability, is good cause of demurrer thereto for misjoinder of parties.   (p. 602).

6. APPEAL AND ERROR—*Where Declaration Shows no Ground of Joint Liability of Tort Feasors, Judgment for Plaintiff Will be Set Aside, and Cause Remanded, With Leave to Amend or to Prosecute One Defendant Alone.*

If, on such a declaration, there has been a verdict and judgment for the plaintiff, the appellate court, on writ of error, will reverse the judgment, set aside the verdict and remand the case, with leave to the plaintiff to amend his declaration so as to show a joint right of action, if he desires to do so, or to prosecute his action against one of the defendants and dismiss it as to the others. (p. 602).

7. NEW TRIAL—*Where Allegation and Proof Show That Tort Feasors Acted Separately, With Resulting Injury from Contemporaneous Torts, Verdict for Plaintiff Should be Set Aside.*

If, in an action against two or more *tort feasors*, the proof shows they acted separately and independently, in the perpetration of the wrongful acts alleged and proved against them, and the injury the plaintiff has suffered from such acts, is a merely consequential result of the coincident and contemporaneous torts, and not a direct and immediate one, a motion to set aside a verdict for the plaintiff therein, as being contrary to the law and the evidence, should be sustained. (p. 602).

Error to Circuit Court, Mercer County.

Action by L. B. Farley against the Crystal Coal & Coke Company and five others. Demurrer to declaration overruled, verdict and judgment for plaintiff, and defendants bring error. *Reversed, verdict set aside, demurrer sustained, and case remanded.*

*Reynolds & Reynolds* and *John R. Pendleton,* for plaintiff in error.

*John M. McGrath* and *Hugh G. Woods,* for defendant in error.

POFFENBARGER, JUDGE:

The judgment complained of, amounting to $1,650.00, stands upon a declaration in an action against six different coal mining corporations, whose mines and works are located at different places on tributaries of the Bluestone River, charging them with having polluted and defiled said river, by casting into it directly and indirectly cinder, coal, slag and other materials from their mines and coke ovens and fetid and putrid matter

from their tenant houses and privies, and so altered its condition, by means of such deposits as to cause more frequent and disastrous overflows of the bottom lands along its course, the filling up of its bed, narrowing of its channel and deposits on its shores, and, with having injured and damaged· the plaintiff's farm, by such means. A demurrer to the declaration was overruled and is relied upon in the assignments of error. If it was well taken and should result in a reversal, it will be unnecessary to consider all of the other numerous assignments of error.

The coal works of three of the defendants are located on Crane Creek, those of one of them on Flipping Creek and those of the other two on Widemouth Creek. All of these streams flow into the Bluestone River at distances above the location of the plaintiff's farm, not stated in the declaration. The deposits of the river according to the allegations in the declaration, have filled up practically all of the holes in the stream, narrowed its channel, cast great quantities of cinder, coal and sand over portions of its bottom lands, made heavy deposits along its shores, destroyed the· plaintiff's fords of the river, by means of which he went from one part of his farm to another, caused mucky deposits along the shores of the stream preventing cattle from going to ·it with safety for water and on the edges of the bottom lands of plaintiff's farm, increased the frequency and volume of overflows of the bottom lands, turned the· waters black and so polluted them that they are unfit for use and otherwise injured and damaged the plaintiff's farm. There is no allegation that the defendants acted in concert, collusion or pursuit of a common design, in the performance of the acts which are alleged to have injured and defiled the stream and damaged the plaintiff's land. It simply alleges that they did the specified wrongful acts and that the injury and damage to the plaintiff's land resulted therefrom.

For legal justification of joinder of these defendants in one action and right to recover upon a declaration so framed, the plaintiff relies upon the decision of this court, rendered in *Day* v. *Louisville Coal & Coke Co.,* reported in 60 W. Va., at page 27. That action was prosecuted against a single coal mining corporation, one of the defendants in this action, by the owner

of another farm situated on the same stream, for injury and damage thereto by reason of acts of the same kind as those alleged in this declaration. But joint and several liability of all persons and corporations guilty of the wrongful acts charged in the declaration was asserted and adjudicated in that action, in the determination of the extent of the liability of the defendant therein. It was held to be liable for the entire damages to his farm, wrought by the consequences of the acts of the defendant and all other persons and corporations whose wrongful acts of like kind had combined with those of the defendant in the infliction thereof. The substance of the court's conclusion respecting that phase of the case, is embodied in point 2 of the syllabus, reading as follows: "When the negligent acts of two or more persons, though acting independently of each other, concurrently result in the injury to the property of another, they are liable either jointly or separately." In this case, the soundness of that decision is questioned by the demurrer to the declaration and also by the motion to set aside the verdict. The lack of concert, collusion, common design or any other element of connection among the defendants, is clearly revealed by the evidence. They are wholly independent concerns operating at different points on the tributaries of the river.

A careful examination of the opinion delivered in the case above referred to, *Day* v. *Louisville Coal & Coke Co.,* readily discloses failure on the part of the court, to observe and apply a well defined and firmly grounded exception to the general rule of liability of joint *tort feasors,* given in the opinion, or, stated more accurately, a limitation of the rule of joint liability and liability for entire damages. This exception or limitation is that there is no joint liability nor liability for entire damages, when the *tort feasors* act independently, without concert, collusion or common design, and the injury to the plaintiff is consequential only, or remotely resulting, as contradistinguished from direct and immediate. The rule as quoted in the opinion, from Shearman and Redfield on Negligence, puts in this element of directness, saying: "Persons, who cooperate in an act directly causing injury, are jointly liable for its consequences." Nor does Cooley on Torts, in the quotation from it, omit this element. It says: "If the damage has resulted directly from con-

current wrongful acts or neglects of two persons each of these acts may be counted on as the wrongful cause and the parties held responsible, either jointly or severally, for the injury." The same quotation from Shearman and Redfield is found in *Boyd* v. *Watt,* 27 O. St., 259, and the opinion filed in that case puts in the element of directness.    Another quotation in *Day* v. *Louisville Co.,* taken from *Grand Trunk R. Co.* v. *Cummings,* 106 U. S. 700 says: "Where separate and independent acts of negligence of two parties are the direct causes of a single injury to a third person and it is impossible to determine in what proportion each contributed to the injury, either is responsible for the whole injury.  The decisions cited and relied upon in the opinion in *Day* v. *Louisville Coal & Coke Co.* all involved cases of direct injury by the wrongful acts complained of.    In *Boyd* v. *Watt,* the action was founded upon a statute giving right of action against any person who had caused intoxication of another person, to the injury and damage of the plaintiff. The defendant undertook to limit his liability on the ground of contribution to the result by other persons, without his knowledge or consent.  In its disposition of the case, the court said: "If defendant was using the means calculated to produce the injury, the law presumes he intended to produce it.  If others, with or without concert, were concurrently co-operating with him, using like means, they were acting with the same common design, and if the injury resulted, each is liable, though each was acting without the knowledge of what the other was doing."  It is to be observed, that the unlawful act was done directly and immediately to the subject of the injury, the person to whom the liquor was unlawfully sold.  The intoxication constituting the ground work of the action was the immediate and direct consequence of the result of the unlawful act.  In the opinion of the court, it was not a case of direct injury to one subject resulting in consequential injury to another.  In *Johnson* v. *Chapman,* 43 W. Va., 639, the injury was the direct and immediate result of the wrongful act.  Two contiguous buildings had fallen upon a third because of the coexistent and concurring negligence of the separate owners to keep their separate walls in repair.  They caused or permitted their buildings to fall upon that of the plaintiff and inflict immediate and

direct injury upon it. In *Grand Trunk Railway Co.* v. *Cummings,* 106 U. S. 700, the injury was inflicted by a collision of railway trains, wherefore it was necessarily immediate and direct.

Viewed from a merely practical stand-point, this distinction may not be important. Whether inflicted directly or immediately by the joint, coincident or cotemporaneous action of the wrong doers, or effected by combination of the consequences arising from the wrongful acts, the injury is equally serious and the difficulty of apportioning the responsibility among the wrong doers equally great. Nevertheless, the courts and text writers, looking at it from a legal point of view, all regard it as important. It is marked in the edition of Shearman and Redfield on Negligence, published in 1898. In sec. 123 of that edition, it said that persons who act separately, each causing a separate injury, cannot be made jointly liable, even though the injuries thus committed are all inflicted at one time and are precisely similar in character, and, in the note appended to that section, cases of several different classes, sustaining the proposition, and decided by the courts of various states, are cited. Among them, are cases of the class of this one, injury by pollution and defilement of streams. In each of them, the subject of the injury was different from that upon which the wrongful acts were directly inflicted. Another class involves cases of infliction of injury by animals of different owners, though occurring at the same time and as part of a single transaction. The cases cited for this proposition, in that work, and others are to be found in the note to *Day* v. *Louisville Coal & Coke Co.,* in 10 L. R. A. N. S. 167, 169; among them being *Partenheimer* v. *Van-Order,* 20 Barb. 479; *Westgate* v. *Carr,* 43 Ill., 450; *Cogswell* v. *Murphy,* 46 Ia., 54. Another class of cases asserting the same doctrine and put under the same exception to the rule are those involving actions for injuries inflicted by dogs owned by different persons, at the same time and as a single transaction. *Van Steenberg* v. *Tobias,* 17 Wend. 562; *Russell* v. *Tomlinson,* 2 Conn., 206; *Adams* v. *Hall,* 2 Vt., 9; *Auchmuty* v. *Ham,* 1 Denio (N. Y.) 495; *Buddington* v. *Shearer,* 20 Pick. (Mass.) 477; *Dyer* v. *Hutchins,* 87 Tenn. 198; *State* v. *Wood,* 59 N. J. L. 112. It is to be observed that, in all these cases, the

negligent act was not directed to the subject of the injury. It was the wrongful act of permitting the stock to go at large or of maintenance of the sheep-killing dog. In point of law, there was no immediate or direct connection between the wrongful act and the injury, the latter being merely a remote consequence of the wrongful act. In the actual infliction of the injury, there was no joint action of the parties. There was nothing more than a combination, effected by natural causes, of the consequences or results of the wrongful acts, in which the parties did not act. This, of course, does not absolve them from liability, but it does away with the ground or basis of joint liability and liability for entire damages. Each is liable only for the consequences of his own wrong and must be sued alone for the damages.

The distinction between actions at law for recovery of damages and suits in equity for injunctive relief, in such cases, is well defined. *Draper* v. *Brown,* 115 Wis., 361; *Lockwood Co.* v. *Lawrence,* 77 Me., 297; *People* v. *Ditch and Mining Co.,* 66 Cal. 138; *West Arlington* v. *Mt. Hope,* 97 Md., 191; *Stroebel* v. *Kerr Salt Co.,* 164 N. Y., 303; *Evans* v. *N. & W. R. Co.,* 96 N. C. 45. Precedents in cases of the latter class are inapplicable and need not be considered. A damming of the waters of a stream so as to cast them back upon the lands of an upper riparian owner, by two or more persons, may be a case of direct injury. *Wright* v. *Cooper et als.* 1 Tyler (Vt.) 425. If the waters are depleted or absorbed by an upper owner to the detriment of a lower, the injury may be direct. In the one case, the immediate effect is to cover the injured owner's land with water and, in the other, to take away what belongs to the lower owner.

An overwhelming weight of authority now stands against the decision in *Day* v. *Louisville Coal & Coke Co.* in so far as it authorizes a joinder of defendants, upon the facts stated in the declaration in this case, and imposes liability of one of the parties for entire resultant damages, whatever it may have been at the date of rendition thereof. *Gibboney Sand Bar Co.* v. *Pulaski etc. Coal Co.,* 110 Va. 444, 24 L. R. A. N. S. 1185; *Swain* v. *Tennessee Copper Co.,* 111 Tenn. 430; *Miller* v. *Highland Ditch Co.,* 87 Cal., 430; *West Muncie Strawboard Co.* v. *Slack,*

164 Ind., 21; *Bowman* v. *Humphries,* 124 Ia., 744; *Longhren* v. *Des Moines,* 72 Ia., 382; *Blaisdell* v. *Stephens,* 14 Nev., 17; *Chipman* v. *Palmer,* 77 N. Y. 51; *Mansfield* v. *Bristor,* 76 O. St., 270; *Schuylkill Nav. R. & C. Co.* v. *Richards,* 57 Pa. St., 142; *Seely* v. *Alden,* 61 Pa. St., 302; *Norton* v. *Colusa Parrat M. & M. Co.,* 167 Fed. Rep., 202. It is equally clear that a well defined legal principle, or exception to a general principle or rule, which this court overlooked or misapprehended in the decision of that case, stands against it. In this State, the development of natural resources and location of mills and factories, along its numerous streams, has only fairly commenced; wherefore it is highly important that the rights of riparian owners and persons conducting divers kinds of business along the water courses and their remedies for wrongful acts respecting them and the adjacent lands, be correctly defined. Being clearly of the opinion that the decision in the Day case is unsound in principle and contrary to the great weight of judicial opinion, we disapprove and overrule it, in so far as it imposes liability for entire damages upon one of several wrong doers and authorizes a joinder of defendants, in an action for damages, under the circumstances here shown.

Reversal of the judgment and annulment of the verdict necessarily result from the conclusion just stated and the character of the evidence hereinbefore indicated.

A demurrer always lies for any substantial defect disclosed on the face of the declaration, and this is true as to parties. "If too many persons be made defendants, and the objection appear on the pleadings, either of the defendants may demur." 1 Chitty Pl. 44. This quotation applies only to declarations in actions *ex contractu.* The rule at common law in cases *ex delicto* may not have been quite so liberal. Whether it was or not, according to Chitty, depends upon the interpretation of his language. At page 85, he says: "If several persons be made defendants jointly, where the tort *could not* in point of law be joint, they may demur." There are some instances in which two or more persons can never be jointly liable for a tort, on account of its nature. This may be the class of cases to which the text just quoted applies, and it has been judicially applied to that class of cases. *Orr* v. *Bank,* 1 Ham. (Ohio) 28; *Russell* v.

*Tomlinson et als.,* 2 Conn. 206; *McKeown* v. *Johnson,* 1 McCord
(S. C.) 578.   But a more liberal interpretion is put upon it in
*Franklin Ins. Co.* v. *Jenkins,* 3 Wend. (N. Y.) 130, in which the
defendants might have been made jointly liable upon proper
allegations.  These decisions are not inconsistent, the former
class of cases being clearly within the text and the latter possibly
so.   It is to be observed that the text makes no necessary refer-
ence to the inherent character of the tort.   "Where the tort
could not in point of law be joint" may mean, where the tort
as alleged in the declaration could not in point of law be joint.
This is the more reasonable interpretation, because it reconciles
the terms with a basic and fundamental rule of pleading, namely,
that the declaration must state a case with reasonable certainty.
Here, an allegation of joint or concerted action by the defend-
ants is an essential element of the right of recovery as claimed
by the declaration.   Being required in the proof, such action
should be charged in the declaration.   The argument of con-
veniences also supports this conclusion.   It is highly burden-
some to impose upon a citizen defense against a charge not
stated in the declaration, because it cannot be made good by
proof.   Our conclusion is that the declaration is defective and
that the defect is cognizable on demurrer.

But, in as much as the defendants may be severally liable in
all such cases, the plaintiff should have his election to proceed
against one of them in this action and dismiss it as to the others,
if he cannot truthfully charge joint action in the perpetration
of the wrongs complained of.   There is no good reason for re-
quiring him to dismiss as to all of them and bring an entirely new
action.   It was said in *Orr* v. *Bank,* cited, that entry of a *nolle
prosequi* as to the bank would have saved the declaration on
demurrer.

Upon these principles and conclusions, the judgment will be
reversed, the verdict set aside, the demurrer sustained and the
case remanded.

*Reversed, verdict set aside, demurrer sustained, and case
    remanded.*