# R. F. STINE, Appellant, v. JAMES McSHANE and J. J. Dix, Respondents.

## (214 N. W. 906.)

**Animals — dogs — damages for killing sheep.**

1. Under § 2642, Comp. Laws 1913, making "the owner of any dog liable in a civil action for all damages that may accrue to any person by reason of such dog's killing, wounding or chasing any sheep or other domestic animals belonging to such person," the owner of one of several dogs that kill or injure sheep, while acting in concert, is liable only for the damages done by his own dog.

**Action — joint action not authorized against several owners of dogs.**

2. Said § 2642, Comp. Laws 1913, does not authorize a joint action against the several owners where a number of dogs, belonging to different persons, kill sheep jointly.

**Animals — c. 252, Laws of 1927 held inapplicable in instant case.**

3. In the instant case it is claimed that two dogs belonging to the defendants killed certain sheep and turkeys, belonging to the plaintiff, in August and September, 1925. This action was instituted in January, 1926; verdict was returned June 9, 1926; judgment was entered June 29, 1926; an order granting defendant's motion for a new trial was entered September 27, 1926, and an appeal from that order was taken and perfected January 27, 1927. By legislative enactment approved March 3, 1927 § 2642, supra, was amended so as to make the owner of each dog in a pack liable for all damages done by the pack and so as to authorize joint action and joint judgment against the owners of several dogs, owned by different persons, who participate in killing, wounding or chasing sheep or other domestic animals. For reasons stated in the opinion it is held that the amendatory act is not applicable in this action.

Opinion filed July 13, 1927. Rehearing denied August 23, 1927.

Animals, 3 C. J. § 330 p. 97 n. 13; § 334 p. 101 n. 40; § 335 p. 101 n. 49, 50. Appeal and Error, 4 C. J. § 3109 p. 1119 n. 5.

Appeal from the District Court of Sioux County, *Pugh,* J. Plain-

Annotation.— (1) Liability of owner of dog in an action for killing, worrying or injuring sheep, see annotation in 9 A.L.R. 946; 35 A.L.R. 411; 1 R. C. L. 1120; 1 R. C. L. Supp. 338.

tiff appeals from an order granting defendants' motion for a new trial.

Affirmed.

*Jacobsen & Murray,* for appellant.

The legislature may enact a general law changing the rules of evidence even as to pending cases. Statutes are valid which merely add a remedy for an already existing right. 12 C. J. 1088, § 782.

. Where the decision of a case on appeal depends upon whether a statute passed after the judgment in the court below shall be applied, such a statute will usually be applied to the decision of questions of procedure. Maguire v. Cunningham (Cal.) 222 Pac. 838.

A statute which regulates matters of procedure or remedy only, and which does not affect existing rights, may properly be applied to actions in which the cause arose before the passage of the act. Mohn v. Tingley (Cal.) 217 Pac. 733.

A statute determining who may be proper parties to actions, especially when of a remedial nature, will be applied to actions accrued or pending at the time of its passage. 36 Cyc. 1217, ¶ D.

The owner or keeper of any dog which shall have injured or caused the injury of any person or property, or killed, wounded, or worried any horses, cattle, sheep, or lambs, shall be liable to the person so injured and the owner of such animals for all damages so done, without proving notice to the owner or keeper of such dog, or knowledge by him that his dog was mischievous or disposed to kill, wound or worry horses, cattle, sheep or lambs. Nelson v. Nugent (Wis.) 82 N. W. 287.

*Morrison & Skaug,* for respondents.

The legislature cannot create a cause of action out of an existing transaction where there was none before. 12 C. J. 972.

It is well established that, where it appears that part of the damage was caused by a third party or a third cause, the plaintiff, unless a conspiracy or joint tort can be proved, can only recover against the defendant such damages as he can show were occasioned by the defendants' wrong. Boulger v. Northern P. R. Co. 41 N. D. 318, 171 N. W. 632.

All authorities agree that the repeal of a statute does not take away

the plaintiff's cause of action under it for damages for an injury to person or property. Lewis v. Penn. R. Co. 69 Atl. 821.

When the dogs of several persons do mischief together, each owner is only liable for the mischief done by his own dog, and the separate owners of several animals are not jointly liable for damages done by them all at the same time. 1 R. C. L. 1120.

Where several dogs kill sheep together, or do other damage jointly, the owner of each is liable for the damage done by his dog, and a joint action will not lie against the owners. Carrol v. Weiler, 1 Hun, 605.

CHRISTIANSON, J. Plaintiff brought this action against the defendants, James McShane, Hugh McShane, Owen McShane and J. J. Dix, to recover damages for the killing of certain sheep and turkeys belonging to plaintiff, by two certain dogs alleged to be owned by said defendants. The case was tried to a jury and resulted in a joint verdict in favor of the plaintiff and against the defendants, James McShane and J. J. Dix, in the sum of six hundred dollars. Thereafter the defendants moved in the alternative for a judgment notwithstanding the verdict or for a new trial. The motion for judgment notwithstanding the verdict was denied, but a new trial was ordered and plaintiff has appealed from the order granting a new trial.

The complaint alleged that "the defendants owned, kept and controlled two certain dogs," and that "the dogs so owned, kept and possessed by the defendants, wrongfully and wilfully came upon the plaintiffs' land, and there . . . killed twenty-five head of sheep, owned by plaintiff. . . ." The undisputed evidence, however, is to the effect that there was no joint ownership, custody or control of the dogs; but that one dog belonged to the defendant James McShane and the other to the defendant J. J. Dix and that each dog was kept on the farm of his owner, such farms being some distance apart. The evidence adduced on the part of the plaintiff tended to show that during August and September, 1925, the two dogs, acting in concert, killed a number of sheep and turkeys belonging to the plaintiff. That these acts of depredation were committed by the dogs acting together; that is, both dogs would attack each of the various sheep and turkeys that were killed. Upon the trial, defendants, in a proper and timely manner, raised the question that inasmuch as there was no joint owner-

ship, custody or control of the dogs joint action would not lie against the defendants. After the verdict and judgment the question was again pressed by the defendants upon the motion for a new trial. The new trial was ordered on the sole ground that in the circumstances established in this case the plaintiff might not maintain joint action and have a joint judgment against the defendants, and that is the sole question argued on this appeal.

After careful consideration we have reached the conclusion that the trial court was correct in holding that under the undisputed facts in this case a joint action does not lie against the defendants.

At common law the owner of a dog was not liable for any injury caused by it unless the dog was vicious and notice of that fact had been brought home to the owner. 3 C. J. 97. And where several dogs, owned by different persons, participated in killing sheep or other domestic animals, each owner was liable only for the mischief done by his own dog. 3 C. J. 101; 1 R. C. L. pp. 1092, 1120. In this state the rule making knowledge of the vicious character of the dog a prerequisite to liability has been abrogated by § 2642, Comp. Laws 1913 which provides:

"The owner of any dog shall be liable in a civil action for all damages that may accrue to any person by reason of such dog's killing, wounding or chasing any sheep or other domestic animal belonging to such person."

This statute, however, merely dispenses with proof of the scienter and does not change the common-law rule, that each owner is liable only for the mischief done by his own dog and does not authorize a joint action to be brought against the several owners of dogs for injuring sheep. 3 C. J. 101; Anderson v. Halverson, 126 Iowa, 125, 101 N. W. 782; Nohre v. Wright, 98 Minn. 477, 108 N. W. 865, 8 Ann. Cas. 1071.

Appellant, however, calls to our attention an enactment of the last legislative assembly (Laws 1927, chap. 252), whereby § 2642, supra, was amended to read as follows:

"The owners of any dog shall be liable in a civil action for all damages that may accrue to any person by reason of such dog killing, wounding, or chasing any sheep or other domestic animal belonging to such person. Where one or more of several dogs owned by different

persons participate in killing, wounding, or chasing such sheep or other domestic animals, the owners of the respective dogs may be sued jointly in a joint action against the owners of such dogs, and a joint verdict, decision and judgment rendered against the owners of such dogs jointly. The owners of dogs against whom a joint judgment is rendered and paid, may among themselves have contribution in an appropriate action in which the respective damages committed by their respective dogs may be prorated.

This act and amendment shall apply to all causes of action which have accrued for the killing, wounding, or chasing of sheep and other domestic animals by dogs, and shall apply to all causes of action pending in any court for the recovery of damages for the killing, wounding or chasing of sheep and other domestic animals by dogs."

And it is contended by the appellant that the statute as amended is applicable to the present action. In our opinion, this contention is untenable. The record shows that the present action was instituted in January, 1926; verdict returned June 9, 1926; judgment entered June 29, 1926; the order granting a new trial entered September 27, 1926 and the appeal taken and perfected January 27, 1927. The amendment to the statute was approved March 3, 1927,—more than a month after the appeal had been taken and perfected. In our opinion the statute was not intended to apply in a situation of that kind, and we are entirely agreed that it cannot be constitutionally so applied. The obvious purpose of the amendment is to make each owner of a dog, who in concert with other dogs injures sheep, liable for all the injury inflicted by all such dogs. Clearly, this does more than add another remedy; it creates a right. Prior to the enactment of this amendment, the owner of a dog, even though his dog acted in concert with other dogs, was liable only for the injury committed by his own dog. But under the statute as amended he is rendered liable for all damages committed not only by his own dog but by other dogs acting with him. Thus: under the old statute, if two dogs acting together killed or injured ten sheep and one dog injured only one of them, the owner of that dog would be liable only for the injury caused to the one. Under the new statute, however, he would be liable for the injury to all ten. It is too clear for argument that this imposes a distinct liability and does not merely affect the remedy.

It follows from what has been said that the order appealed from must be affirmed. It is so ordered.

BIRDZELL, Ch. J., and BURKE, BURR, and NUESSLE, JJ., concur.