## CARSON v. SABIN et al.

No. 6673. Decided April 18, 1944. (147 P. 2d 857.)

See 3 C. J. S. Animals, sec. 165; May acts of independent tort-feasors, each of which alone causes or tends to produce some damage, be combined to create a joint liability; note, 9 A. L. R. 946. See, also, 2 Am. Jur. 736.

*Christenson & Christenson,* of Provo, for appellant.

*Wm. Stanley Dunford,* of Provo, and *Joseph E. Nelson,* of Spanish Fork, for respondents.

McDONOUGH, Justice.

The plaintiff Carson sued defendants Sabin and Horrocks alleging that the latter were the respective owners of two dogs which attacked plaintiff's herd of sheep, killing and maiming a number of them. As to Horrocks plaintiff was nonsuited by reason of his failure to prove that Horrocks was the owner of one of the dogs. The court found that Sabin was the owner of the one dog, and after ascertaining the damages to the plaintiff's sheep caused by both dogs which acted in concert, the court awarded judgment against Sabin for only half of the total damage caused by both dogs.

Plaintiff does not attack the order nonsuiting him as to defendant Horrocks, but contends that he was entitled to recover damages against Sabin for the injuries inflicted by both dogs. The validity of such contention depends upon the construction of Secs. 24-0-1 and 2, U. C. A. 1943:

"24-0-1. Liability of Owners—Scienter.

"Every person owning or keeping a dog shall be liable in damages for injury committed by such dog; and it shall not be necessary in any action brought therefor to allege or prove that such dog was of a viscious or mischievous disposition or that the owner or keeper thereof knew that it was vicious or mischievous."

"24-0-2. Dogs Acting Together—Actions—Parties—Judgment.

"Where any injury has been committed by two or more dogs acting together and such dogs are owned or kept by different persons, all such persons may be joined as defendants in the same action to recover damages therefor, and the amount found by the court or jury as damages for such injury shall be apportioned among the several defendants found liable and judgment shall be entered severally against them for the amount so apportioned."

At common law where several dogs, owned by different persons, participate in killing domestic animals, each owner is liable only for the damage done by his own dog. 3 C. J. S., Animals, p. 1261 § 157. *Nohre* v. *Wright et al.*, 98 Minn. 477, 108 N. W. 865, 8 Ann. Cas. 1071, and authorities there cited.

It is appellant's contention, however, that the quoted statutes effect a change in such rule so as to impose the liability upon respondent, here contended for as recited hereinabove. Such contention is not tenable. 24-0-1, supra, makes the owner or keeper of a dog liable for injury *committed by such dog* regardless of the propensities of the animal or scienter on the part of the owner or keeper. Sec. 24-0-2 permits joinder of the owner or keepers of several dogs which, acting together, caused injury and requires apportionment of the total damage thus caused. Judgment for the amount apportioned is to be entered *severally* against the respective owners. Palpably there is no intent to create a joint liability. The wording of the statutes is not susceptible of a construction which would accomplish the same result as is effected in some other judisdictions by statutes which explicitly provide for joint liability of the owners for total damage caused by several dogs.

The trial court properly construed the statute. The argument that the court could not refuse to award damages for all injuries inflicted by both dogs against the one defendant found liable because the court was unable to determine precisely just what injuries were committed by each dog, if seriously considered, might well be employed to defeat plaintiff's right to recover as much as half of the entire damages. If plaintiff had been able to prove that Horrocks was the owner of the other dog, the court could very well have divided equally between the two defendants the amount of damages resulting if the dogs were of relatively the same size, capacities and propensities, or if one dog had a greater capacity and disposition for doing mischief, a greater amount of the damage could have been apportioned to the owner of such dog. 3 C. J. S., Animals,

§ 180, p. 1287; *Anderson* v. *Halverson,* 126 Iowa 125, 101 N. W. 781. See also *Stine* v. *McShane,* 55 N. D. 745, 214 N. W. 906; *Nohre* v. *Wright et al.,* supra. The judgment is affirmed. Costs to respondents.

WOLFE, C. J., and LARSON and WADE, JJ., concur.

MOFFAT, J., participated in the hearing but died before the publication of the opinion.